IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

```
U.S. DISTRICT COURT - N.D. OF N.Y.
        FILED
       JUL 1 5 2009
AT____ O'CLOCK
Lawrence K. Baerman, Cler   Syracuse
```

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

UNITED STATES OF AMERICA

v.

AMANDA D. JANSEN, and
CHRISTOPHER I. JANSEN,

Defendants.

Criminal Action No.
5: 08-CR-753 (DNH)

SECOND SUPERSEDING
I N D I C T M E N T
Vio:  18 U.S.C. §2423(e)
      18 U.S.C. §2423(a)
      18 U.S.C. §2241(c)
      18 U.S.C. §2252(a)(2)
      18 U.S.C. §2252(a)(4)(B)
      18 U.S.C. §2

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**THE GRAND JURY CHARGES:**
**COUNT ONE**

Beginning in or about May, 2008, the exact date being unknown to the Grand Jury, and

continuing thereafter up through and including in or about June, 2008,  in the Northern District of

New York and elsewhere,

**AMANDA D. JANSEN and**
**CHRISTOPHER I. JANSEN,**

the defendants herein, did knowingly, intentionally, and unlawfully combine, conspire, confederate

and agree with one another to transport individuals who had not attained the age of 18 years in

interstate commerce, with the intent that such individuals engage in sexual activity for which any

person can be charged with a criminal offense, in violation of Title 18, United States Code, Section

2423(a).

## OVERT ACTS

In furtherance of the conspiracy and to effect the objects thereof, various overt acts were committed in the Northern District of New York and elsewhere, including but not limited to the following:

1.      In or about June, 2008, defendant CHRISTOPHER I. JANSEN drove from Watertown, New York to Kentucky.

2.      In or about June, 2008, in Kentucky, defendant CHRISTOPHER I. JANSEN took custody of four minor children, Jane Doe #1 (age 13), John Doe #1 (age 8), Jane Doe #2 (age 5), and John Doe #2 (age 3), from their mother, in order to transport them to Watertown, New York for the summer.

3.      In or about June, 2008, defendant CHRISTOPHER I. JANSEN drove Jane Doe #1, John Doe #1, Jane Doe #2 and John Doe #2 to Watertown, New York where the children stayed with CHRISTOPHER I. JANSEN and AMANDA D. JANSEN from June, 2008 to August, 2008, when CHRISTOPHER I. JANSEN returned the children to their mother in Kentucky.

4.      From in or about June, 2008, through in or about August, 2008, AMANDA D. JANSEN and CHRISTOPHER I. JANSEN engaged in unlawful sexual conduct with John Doe #1, including but not limited to oral sodomy and sexual intercourse.

5.      From in or about June, 2008, through in or about August, 2008, AMANDA D. JANSEN and CHRISTOPHER I. JANSEN engaged in unlawful sexual conduct with Jane Doe #2, including but not limited to digital vaginal penetration and sexual intercourse.

All in violation of Title 18, United States Code, Section 2423(e).

**THE GRAND JURY FURTHER CHARGES:**
**COUNT TWO**

In or about June, 2008, in the Northern District of New York and elsewhere,

**CHRISTOPHER I. JANSEN,**

the defendant herein, did knowingly transport an individual who had not attained the age of 18 years, to wit: Jane Doe #1 (age 13), in interstate commerce, that is from Kentucky to New York, with the intent that such individual engage in sexual activity for which any person can be charged with a criminal offense, including, but not limited to Rape in the Second Degree, a criminal offense under New York State Penal Law, Section 130.30(1), Criminal Sexual Act in the Second Degree, a criminal offense under New York State Penal Law, Section 130.45(1), and Sexual Abuse in the Second Degree, a criminal offense under New York Penal Law, Section 130.60(2).

In violation of Title 18, United States Code, Section 2423(a).

**THE GRAND JURY FURTHER CHARGES:**
**COUNT THREE**

In or about June, 2008, in the Northern District of New York and elsewhere,

**CHRISTOPHER I. JANSEN,**

the defendant herein, did knowingly transport an individual who had not attained the age of 18 years, to wit: John Doe #1 (age 8), in interstate commerce, that is from Kentucky to New York, with the intent that such individual engage in sexual activity for which any person can be charged with a criminal offense, including, but not limited to Rape in the First Degree, a criminal offense under New York State Penal Law, Section 130.35(3), Criminal Sexual Act in the First Degree, a criminal offense under New York State Penal Law, Section 130.50(3), and Sexual Abuse in the First Degree, a criminal offense under New York Penal Law, Section 130.65(3).

In violation of Title 18, United States Code, Section 2423(a).

3

## THE GRAND JURY FURTHER CHARGES:
## COUNT FOUR

In or about June, 2008, in the Northern District of New York and elsewhere,

## CHRISTOPHER I. JANSEN,

the defendant herein, did knowingly transport an individual who had not attained the age of 18 years, to wit: Jane Doe #2 (age 5),  in interstate commerce, that is from Kentucky to New York, with the intent that such individual engage in sexual activity for which any person can be charged with a criminal offense, including, but not limited to Rape in the First Degree, a criminal offense under New York State Penal Law, Section 130.35(3), Criminal Sexual Act in the First Degree, a criminal offense under New York State Penal Law, Section 130.50(3), and Sexual Abuse in the First Degree, a criminal offense under New York Penal Law, Section 130.65(3).

In violation of Title 18, United States Code, Section 2423(a).

## THE GRAND JURY FURTHER CHARGES:
## COUNT FIVE

In or about June, 2008, in the Northern District of New York and elsewhere,

## CHRISTOPHER I. JANSEN,

the defendant herein, did knowingly transport an individual who had not attained the age of 18 years, to wit: John Doe #2 (age 3),  in interstate commerce, that is from Kentucky to New York, with the intent that such individual engage in sexual activity for which any person can be charged with a criminal offense, including, but not limited to Criminal Sexual Act in the First Degree, a criminal offense under New York State Penal Law, Section 130.50(3), and Sexual Abuse in the Second Degree, a criminal offense under New York Penal Law, Section 130.60(2).

In violation of Title 18, United States Code, Section 2423(a).

**THE GRAND JURY FURTHER CHARGES:**
**COUNT SIX**

In or about June, 2008, in the Northern District of New York and elsewhere,

**AMANDA D. JANSEN,**

the defendant herein, did abet, counsel, command, induce, and procure **CHRISTOPHER I. JANSEN** to knowingly transport an individual who had not attained the age of 18 years, to wit: Jane Doe #1 (age 13), in interstate commerce, that is from Kentucky to New York, with the intent that such individual engage in sexual activity for which any person can be charged with a criminal offense, including, but not limited to Rape in the Second Degree, a criminal offense under New York State Penal Law, Section 130.30(1), Criminal Sexual Act in the Second Degree, a criminal offense under New York State Penal Law, Section 130.45(1), and Sexual Abuse in the Second Degree, a criminal offense under New York Penal Law, Section 130.60(2).

In violation of Title 18, United States Code, Section 2423(a), and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**
**COUNT SEVEN**

In or about June, 2008, in the Northern District of New York and elsewhere,

**AMANDA D. JANSEN,**

the defendant herein, did abet, counsel, command, induce, and procure **CHRISTOPHER I. JANSEN** to knowingly transport an individual who had not attained the age of 18 years, to wit: John Doe #1 (age 8), in interstate commerce, that is from Kentucky to New York, with the intent that such individual engage in sexual activity for which any person can be charged with a criminal offense, including, but not limited to Rape in the First Degree, a criminal offense under New York State

Penal Law, Section 130.35(3), Criminal Sexual Act in the First Degree, a criminal offense under New York State Penal Law, Section 130.50(3), and Sexual Abuse in the First Degree, a criminal offense under New York Penal Law, Section 130.65(3).

In violation of Title 18, United States Code, Section 2423(a), and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**
**COUNT EIGHT**

In or about June, 2008, in the Northern District of New York and elsewhere,

**AMANDA D. JANSEN,**

the defendant herein, did abet, counsel, command, induce, and procure **CHRISTOPHER I. JANSEN** to knowingly transport an individual who had not attained the age of 18 years, to wit: Jane Jane Doe #2 (age 5), in interstate commerce, that is from Kentucky to New York, with the intent that such individual engage in sexual activity for which any person can be charged with a criminal offense, including, but not limited to Rape in the First Degree, a criminal offense under New York State Penal Law, Section 130.35(3), Criminal Sexual Act in the First Degree, a criminal offense under New York State Penal Law, Section 130.50(3), and Sexual Abuse in the First Degree, a criminal offense under New York Penal Law, Section 130.65(3).

In violation of Title 18, United States Code, Section 2423(a), and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**
**COUNT NINE**

In or about June, 2008, in the Northern District of New York and elsewhere,

**AMANDA D. JANSEN,**

the defendant herein, did abet, counsel, command, induce, and procure **CHRISTOPHER I. JANSEN** to knowingly transport an individual who had not attained the age of 18 years, to wit: John Doe #2 (age 3), in interstate commerce, that is from Kentucky to New York, with the intent that such individual engage in sexual activity for which any person can be charged with a criminal offense, including, but not limited to Criminal Sexual Act in the First Degree, a criminal offense under New York State Penal Law, Section 130.50(3), and Sexual Abuse in the First Degree, a criminal offense under New York Penal Law, Section 130.65(3).

In violation of Title 18, United States Code, Section 2423(a), and Title 18, United States Code, Section 2.

## THE GRAND JURY FURTHER CHARGES:
## COUNT TEN

In or about June, 2008 to in or about August, 2008, in the Northern District of New York and elsewhere,

## CHRISTOPHER I. JANSEN

the defendant herein, did cross state lines, that is between New York and Kentucky, with intent to engage in a sexual act with a person who has not attained the age of 12 years, to wit: John Doe #1 (age 8), and did aid, abet, counsel, command, induce, and procure **AMANDA D. JANSEN** to knowingly engage in a sexual act with John Doe #1, including, but not limited to Rape in the First Degree, a criminal offense under New York State Penal Law, Section 130.35(3), Criminal Sexual Act in the First Degree, a criminal offense under New York State Penal Law, Section 130.50(3), and Sexual Abuse in the First Degree, a criminal offense under New York Penal Law, Section 130.65(3).

In violation of Title 18, United States Code, Section 2241(c), and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**
**COUNT ELEVEN**

In or about June, 2008, to in or about August, 2008, in the Northern District of New York and elsewhere,

**CHRISTOPHER I. JANSEN**

the defendant herein, did cross state lines, that is between New York and Kentucky, with intent to engage in a sexual act with a person who has not attained the age of 12 years, to wit: Jane Doe #2 (age 5), and did knowingly engage in a sexual act with Jane Doe #2, and did aid, abet, counsel, command, induce, and procure **AMANDA D. JANSEN** to knowingly engage in a sexual act with Jane Doe #2, including, but not limited to Rape in the First Degree, a criminal offense under New York State Penal Law, Section 130.35(3), Criminal Sexual Act in the First Degree, a criminal offense under New York State Penal Law, Section 130.50(3), and Sexual Abuse in the First Degree, a criminal offense under New York Penal Law, Section 130.65(3).

In violation of Title 18, United States Code, Section 2241(c), and Title 18, United States Code, Section 2.

**THE GRAND JURY FURTHER CHARGES:**
**COUNT TWELVE**

In or about June, 2008 to in or about August, 2008, in the Northern District of New York and elsewhere,

**AMANDA D. JANSEN,**

the defendant herein, did aid, abet, counsel, command, induce, and procure **CHRISTOPHER I. JANSEN** to cross state lines, that is between New York and Kentucky, with intent to engage in a sexual act with a person who has not attained the age of 12 years, to wit: John Doe #1 (age 8), and

did knowingly engage in a sexual act with John Doe #1, including, but not limited to Rape in the First Degree, a criminal offense under New York State Penal Law, Section 130.35(3), Criminal Sexual Act in the First Degree, a criminal offense under New York State Penal Law, Section 130.50(3), and Sexual Abuse in the First Degree, a criminal offense under New York Penal Law, Section 130.65(3).

In violation of Title 18, United States Code, Section 2241(c), and Title 18, United States Code, Section 2.

## THE GRAND JURY FURTHER CHARGES:
## COUNT THIRTEEN

In or about June, 2008, to in or about August, 2008, in the Northern District of New York and elsewhere,

## AMANDA D. JANSEN,

the defendant herein, did aid, abet, counsel, command, induce, and procure **CHRISTOPHER I. JANSEN** cross state lines, that is between New York and Kentucky, with intent to engage in a sexual act with a person who has not attained the age of 12 years, to wit: Jane Doe #2 (age 5), and did knowingly engage in a sexual act with Jane Doe #2, and did aid, abet, counsel, command, induce, and procure **CHRISTOPHER I. JANSEN** to knowingly engage in a sexual act with Jane Doe #2, including, but not limited to Rape in the First Degree, a criminal offense under New York State Penal Law, Section 130.35(3), Criminal Sexual Act in the First Degree, a criminal offense under New York State Penal Law, Section 130.50(3), and Sexual Abuse in the First Degree, a criminal offense under New York Penal Law, Section 130.65(3).

In violation of Title 18, United States Code, Section 2241(c), and Title 18, United States Code, Section 2.

9

**THE GRAND JURY FURTHER CHARGES:**
**COUNT FOURTEEN**

In or about 2008, in the Northern District of New York and elsewhere,

**AMANDA D. JANSEN, and**
**CHRISTOPHER I. JANSEN,**

the defendants herein, did knowingly receive, and attempt to receive, visual depictions of a minor

or minors engaging in sexually explicit conduct using a means and facility of interstate and foreign

commerce, and that has been transported in and affecting such commerce, and which contains

material that has been so transported.

In violation of Title 18 United States Code Sections 2252(a)(2) & 2256(8)(A), and Title 18

United States Code §2.

**THE GRAND JURY FURTHER CHARGES:**
**COUNT FIFTEEN**

In or about September 2008, in the Northern District of New York and elsewhere,

**AMANDA D. JANSEN, and**
**CHRISTOPHER I. JANSEN,**

the defendants herein, did knowingly possess, attempt to possess, and access with intent to view, one

or more matters which contain a visual depiction of a minor engaging in sexually explicit conduct

that has been transported using any means of interstate and foreign commerce and in and affecting

such commerce, and that was produced using materials which have been so transported.

In violation of Title 18, United States Code, Sections 2252(a)(4)(B) & 2256(8)(A), and Title

18, United States Code, Section 2.

## PRIOR CONVICTION ALLEGATION

Defendant **CHRISTOPHER I. JANSEN** has the following prior final convictions relating to the aggravated sexual abuse, sexual abuse, or abusive sexual conduct involving a minor or ward:

On or about April 30, 1997, in Boone County (Kentucky) District Court, Juvenile Division, **CHRISTOPHER I. JANSEN** admitted the crimes of Rape in the First Degree, a class A felony, in violation of Kentucky Penal Code, Section 510.040, which makes it unlawful to engage in sexual intercourse with another who is less than twelve years old, Sexual Abuse in the First Degree, a class D felony, in violation of Kentucky Penal Code, Section 510.110, which makes it unlawful to subject another person to sexual contact when that person is less than twelve years old.

As a result of the above admissions, on May 7, 1997, **CHRISTOPHER I. JANSEN** was committed to the Department of Juvenile Justice, for placement. **JANSEN** was discharged from this commitment by Court Order, dated November 10, 1999.

The basis of the above convictions was that the defendant engaged in sexual intercourse and sexual contact with a female child over the period of time, beginning when the child was seven years old, and continuing until she was 9 years old.

The foregoing convictions result in increased potential punishment under Title 18, United States Code, Section 2426 (Repeat offenders), Title 18, United States Code, Section 2247 (Repeat offenders) and under Title 18, United States Code, Section 3559(e) (Mandatory life imprisonment for repeated sex offenses against children).

## FORFEITURE ALLEGATION

The allegations in Counts 1 - 9 of this Indictment are hereby realleged and incorporated by reference herein for the purposes of alleging forfeiture, pursuant to Title 18, United States Code,

11

Section 2428.

Pursuant to 18 U.S.C. § 2428, upon conviction of the charges in Counts 1 - 9 of this Indictment, defendants **AMANDA D. JANSEN and CHRISTOPHER I. JANSEN** shall forfeit to the United States any interest in any property, real or personal, used or intended to be used to commit or to promote commission of the offenses alleged in this Indictment.

Pursuant to 18 U.S.C. § 2253(a), upon conviction of the charges in Counts 14 and 15 of this Indictment, defendants **AMANDA D. JANSEN and CHRISTOPHER I. JANSEN** shall forfeit to the United States: (1) any and all visual depictions violative of 18 U.S.C. § 2252 (incorporating the definition of child pornography in 18 U.S.C. § 2256(8)) produced, transported, mailed, shipped or received in violation of Title 18, Chapter 110; and (2) any interest in any property, real or personal, used or intended to be used to commit or to promote commission of that offense.

If the property described above as being subject to forfeiture, as a result of any act or omission of the defendant-

       (a)     cannot be located upon the exercise of due diligence;

       (b)     has been transferred or sold to, or deposited with, a third party,

       (c)     has been placed beyond the jurisdiction of the court;

       (d)     has been substantially diminished in value; or

       (e)     has been commingled with other property which cannot be divided without difficulty,

it is the intention of the United States, pursuant to Title 18, United States Code, Section 2428 (as to Counts 1 - 9) and pursuant to Title 18, United States Code, Section 2253(b)(as to counts 14 and 15)(incorporating 21 U.S.C. 853(p)) to seek forfeiture of any other property of the defendant up to

12

the value of the forfeitable property described above.


Dated: July 15, 2009                                    A TRUE BILL.

                                                        Foreperson

        ANDREW T. BAXTER
        United States Attorney

By:     _____
        Lisa Marie Fletcher
        Assistant U.S. Attorney
        Bar Roll No. 510187