# ORIGINAL

**United States District Court**

__**NORTHERN**_____ DISTRICT OF _____**NEW YORK**_____

In the Matter of the Search of

<small>(Name, address or brief description of person or property to be searched)</small>

a.    One tan Homemade Computer Tower;
b.    One Western Digital Disk Drive;
c.    One Maxtor Hard Drive;
d.    One HP Pavilion Laptop Computer;
e.    One Sandisk Cruzer Thumb Drive;
f.    One Attache 4G Thumb Drive;
g.    One Samsung Hard Drive;
h.    One Cingular Sony Ericsson Cell Phone;
i.    One Compaq Presario Computer;
j.    One Acer Computer;
k.    One Motorola V3 Cell Phone;
l.    One Nikon Coolpix Digital Camera;
m.    One Olympus Camedia Digital Camera;
n.    One Motorola L7C Camera phone;
o.    One I-pod Nano Portable Device;
p.    One Thumb Drive;
q.    One Apple I-Phone; and
r.    Numerous compact disks (CDs) and DVDs

**APPLICATION AND AFFIDAVIT
FOR SEARCH WARRANT
CASE NUMBER: 5:08-CR-753 (DNH)**

which were used, owned by, and seized from AMANDA D. JANSEN and CHRISTOPHER I. JANSEN, who resided at 435 South Hycliff Drive Building 609A, Watertown, New York.

I __Timothy Kirk,__ being duly sworn depose and say:

I am the __Resident Agent in Charge of the Syracuse Resident Office of the United States Secret Service__ and have reason to believe that,

within the electronic media particularly described in the above caption, in the Northern District of New York , there will be concealed  certain property, namely <small>(describe the person or property to be seized)</small>

## SEE ATTACHMENT A

which is <small>(state one or more bases for search and seizure set forth under Rule 41(c) of the Federal Rules of Criminal Procedure)</small> evidence, fruits, and instrumentalities concerning violations of Title 18, United States Code, Sections 2251(production of child pornography), 2252A(receipt, distribution and possession of child pornography), 2423(a) and (e)(transportation and conspiracy to transport minors in interstate commerce for the purpose of unlawful sexual activity), and 2241(c) (aggravated sexual abuse).

The facts to support a finding of Probable Cause are as follows:

## SEE ATTACHED AFFIDAVIT

Continued on the attached sheet and made a part hereof.    X Yes        □ No

Timothy Kirk,
Resident Agent in Charge
United States Secret Service

Sworn to before me, and subscribed in my presence

June 30, 2009                                                    at        Syracuse, NY
Date                                                                          City and State

Hon. Gustave J. DiBianco, Chief USMJ
Name and Title of Judicial Officer                          Signature of Judicial Officer

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF NEW YORK

## AFFIDAVIT IN SUPPORT OF SEARCH WARRANT

State of New York   )
                     )ss;
Onondaga County   )

      I, TIMOTHY KIRK, being duly sworn, depose and state:

## I. INTRODUCTION

1.     I am the Resident Agent in Charge of the Syracuse Resident Office of the United States Secret Service (USSS). I have been a member of the USSS since July of 1992, and have been the Resident Agent in Charge of the Syracuse Resident since September, 2003. Among my duties are investigating cyber crime violations pursuant to Title 18, United States Code, Sections 1028, 1029, 1030, 1343 and similar sections. My duties also include assisting with child exploitation investigations pursuant to Title 18, United States Code, Section 3056(f).

2.     This affidavit is made in support of an application for a warrant to search the following electronic media:

        a.  One tan Homemade Computer Tower;

        b.  One Western Digital Disk Drive;

        c.  One Maxtor Hard Drive;

        d.  One HP Pavilion Laptop Computer;

        e.  One Sandisk Cruzer Thumb Drive;

        f.  One Attache 4G Thumb Drive;

    g.  One Samsung Hard Drive;

    h.  One Cingular Sony Ericsson Cell Phone;

    i.  One Compaq Presario Computer;

    j.  One Acer Computer;

    k.  One Motorola V3 Cell Phone;

    l.  One Nikon Coolpix Digital Camera;

    m.  One Olympus Camedia Digital Camera;

    n.  One Motorola L7C Camera phone;

    o.  One I-pod Nano Portable Device;

    p.  One Thumb Drive;

    q.  One Apple I-Phone; and

    r.  Numerous compact disks (CDs) and DVDs.

Hereinafter "the electronic media."

3.    The aforementioned electronic media were used and owned by AMANDA D. JANSEN and CHRISTOPHER I. JANSEN, who resided at 435 South Hycliff Drive Building 609A Watertown, NY.[1]

## II.  BASIS OF INFORMATION

4.    I am familiar with the information contained in this affidavit based upon my conversations with other law enforcement officers who are primarily responsible for the

---

[1]  As will be described further below, Amanda and Christopher Jansen were arrested on September 18, 2008 on New York State offenses and in December, 2008, on federal offenses. They have both been detained since September 18, 2008.

investigation of this child exploitation matter, including New York State Police (NYSP) Captain Frank Pace, and upon a review of reports and documents relevant to the case.

5.      Because this affidavit is being submitted for the limited purpose of securing a search warrant for the listed items, I have not included each and every fact known to me concerning this investigation.  I have set forth only those facts that I believe are necessary to establish probable cause to believe that evidence of violations of 18 U.S.C. §§2423(a), 2423(e) and 2252A are located within the listed electronic media.

**III. OVERVIEW OF INVESTIGATION**

6.      The information set forth below is provided as a broad over-view of the underlying investigation conducted to date.  It does not include a listing of all investigative techniques employed, or the full and complete results of any of the listed investigative efforts.  The information regarding the underlying investigation is based upon my personal review of NYSP reports, conversations with other law enforcement personnel, and a review of court documents.

7.      In September, 2008, Inv. William Griggs of the NYSP Computer Crimes Unit, while investigating a Cyber tip from the National Center for Missing and Exploited Children (NCMEC), obtained numerous computers, hard drives, and other digital media, upon consent, from defendant CHRISTOPHER I. JANSEN at his Watertown, New York residence.  The electronic media taken that day on consent is:

        a.      One Tan Homemade Tower Type PC;

        b.      One Western Digital Hard Drive;

        c.      One Maxtor Hard Drive;

        d.      One HP Pavilion Laptop Computer;

     e.     One Sandisk Cruzer Thumb Drive; and

     f.     One Attache 4G Thumb Drive.

8.     A forensic preview conducted on some of the above-listed electronic media turned over by JANSEN revealed the existence of child pornography.  As a result, the NYSP obtained a search warrant, authorized by Hon. Eugene R. Renzi, Judge of the City of Watertown.  The search warrant authorized the search of the above-listed electronic media taken by Inv. Griggs pursuant to the consent of CHRISTOPHER I. JANSEN on September 17, 2008, and also authorized a search of the residence of AMANDA D. JANSEN and CHRISTOPHER I. JANSEN for additional evidence, including the content of any additional electronic media located there.  A copy of this search warrant is attached as *Exhibit 1.*

9.     On September 18, 2008, Inv. Todd Grant and other members of the New York State Police executed that search warrant.  As a result, the following additional items of electronic media were recovered:

     a.     Numerous compact disks (CDs) and DVDs;

     b.     One Samsung Hard Drive;

     c.     One Cingular Sony Ericsson Cellphone;

     d.     One Compaq Presario Computer;

     e.     One Acer Computer;

     f.     One Motorola V3 Cell Phone;

     g.     One Nikon Coolpix Digital Camera;

     h.     One Olympus Cameida Digital Camera;

     i.     One Motorola L7C Camera Phone;

     j.     One I-Pod Nano; and

     k.  One Thumb Drive.

10. When investigators arrived at the JANSEN residence to execute the search warrant, neither CHRISTOPHER nor AMANDA JANSEN was present.  After a short period of time, the JANSENS both returned to the residence in a gray Chevrolet vehicle.  AMANDA D. JANSEN was interviewed and provided a 5 page written statement detailing her involvement in numerous crimes involving the sexual exploitation of her daughter and her step children.  Within this statement AMANDA D. JANSEN admitted that she and CHRISTOPHER I. JANSEN packed their vehicle with items prior to the search warrant execution for the purpose of evading police capture.

11. Also in her written statement, AMANDA D. JANSEN admitted that in June, 2008, her husband CHRISTOPHER I. JANSEN traveled to Kentucky to pick up his 13 year old step daughter, his 8 year old step son, his 5 year old daughter, and his 3 year old son, and transported the four children from Kentucky to the JANSEN'S residence in Watertown, New York.  AMANDA D. JANSEN also admitted prior to the June trip she and CHRISTOPHER I. JANSEN had had conversations about them having sexual contact with the 8 year old and the 13 year old stepchildren.  Data extracted from a cell phone secured during the search warrant executed at the JANSEN residence contains evidence that the JANSENS used their phones to text message each other about their plans to sexually abuse the children after they were transported to New York.  The following excerpts are from two of those recovered text messages, preceding the June trip:[2]

     a.  A text message dated <u>May 12, 2008</u>, states, *in part*:

---

[2] The text of the messages are as in the original, with the exception that the names of or references to the minor children have been redacted.

"I'm thinking rohipnol.[3] LOL.  Jk.  I really want to c u w [8 year old stepson].  I'd like to    c u get him to go down on u, then switch.  Then, you take him in the ass with my help, so u do it right n it don't hurt him."

b.       A text message dated May 13, 2008, states, *in part*: "i want to play with [5 year old daughter].  I want u to take her n [13 year old daughter]'s vcard.[4]  I will watch.  N join in.  I want to do e[5] with [13 year old stepdaughter] by myself n u join.  Then u will do as i say or direct.  I will eat [5 year old daughter] at least once a week while she's with us n give her baths.  When I tell u to, u will bathe her and finger her.  I want to c u cum in [5 year old daughter].  U will cum n [13 year old stepdaughter]  only with a condom. . ."

12.     AMANDA D. JANSEN and CHRISTOPHER I. JANSEN have both admitted that after CHRISTOPHER returned to New York with the four children, both AMANDA and CHRISTOPHER sexually abused the 8 year old stepson, including oral sodomy and sexual intercourse, and the 5 year old daughter, including vaginal digital penetration and sexual intercourse.

13.     Further, AMANDA D. JANSEN admitted that she and CHRISTOPHER I. JANSEN intended to digitally photograph the sexual abuse of the children but were unable to due to a lack of batteries for their camera.

14.     AMANDA D. JANSEN also admitted that she and CHRISTOPHER I. JANSEN viewed child pornography from the Internet and used the Internet to research the effects of prescription medication used to drug the children prior to their sexual exploitation.

---

[3] **Rohypnol** (generic name, flunitrazepam) is a potent benzodiazepine (a class of tranquilizing agents) . . . "Rohypnol in low doses is a sedative and muscle relaxant. In higher doses, it can cause lack of muscle control, amnesia, loss of inhibitions, and loss of consciousness. The effects are usually worsened with alcohol. Sedation occurs within 30 minutes after ingestion, with peak effects at 2 hours. As little as 1 mg can impair an individual for 8-12 hours." www.webmd.com

[4] According to AMANDA D. JANSEN'S statement, she and CHRISTOPHER I. JANSEN used the term "vcard" to mean virginity.

[5] "E" is a common reference for ecstasy.

CHRISTOPHER I. JANSEN admitted that he and AMANDA have collections of child pornography on their computers.

15.     AMANDA D. JANSEN and CHRISTOPHER I. JANSEN both admitted that, in addition to the sexual abuse of the children transported to New York from Kentucky, they both had been sexually abusing their one year old daughter.

16.     On September 18, 2008, both JANSENS were arrested on New York State charges relating to the sexual abuse of the children, and relating to the child pornography discovered during Inv. Griggs' forensic preview.

17.     On September 18, 2008, Jefferson County Child Protective Services (CPS) was contacted to provide temporary care for the JANSEN's one year old daughter.  When CPS arrived they were provided with a diaper bag by AMANDA D. JANSEN.  On September 20, 2008, Joann E. Benner, the foster parent assigned to care for the JANSEN's one year old daughter, located an iPHONE secreted within the diaper bag.

18.     On September 23, 2008, Hon. Eugene R. Renzi, Judge of the City of Watertown issued a search warrant for the iPhone.  A copy of that search warrant is attached as *Exhibit 2*.  The iPhone was sent to the New York State Police Forensic Investigation Center Computer Crime Laboratory for analysis.  Computer Forensic Analysts attempted to forensically analyze the iPhone but were unsuccessful because a software security code prevents access.

19.     All of the items of electronic media seized in this matter, and detailed above, were turned over to the New York State Police, Forensic Investigation Center for analysis.  In conducting forensic examinations, it is the practice of the New York State Police to acquire, archive, and analyze electronic media.  Acquiring involves making an exact duplicate image of the media that is then used by the examiner to conduct the analysis for evidence.

20.  In December, 2008, CHRISTOPHER and AMANDA were charged by complaint in United States District Court for the Northern District of New York for crimes relating to the transportation of minors in interstate commerce with the intent that those individuals would engage in illegal sexual activity, in violation of Title 18, United States Code, Section 2423(a), and conspiracy to commit that offense, in violation of Title 18, United States Code, Section 2423(e).  They both made their initial appearances on December 5, 2008.

21.  On December 10, 2008, the JANSENS were indicted by a federal grand jury in the Northern District of New York for the crimes outlined above.

22.  On December 15, 2008, United States Magistrate Judge George H. Lowe issued a federal search warrant authorizing a complete forensic analysis of the iPhone, and an accompanying Court Order, pursuant to the All Writs Act, 28 U.S.C. §1651(a), authorizing Apple, Inc. to assist the NYSP in decrypting and analyzing the iPhone.  A copy of that search warrant, and accompanying Order, is attached, collectively, as *Exhibit 3*.

23.  On June 24, 2009, the federal grand jury returned a superseding indictment against the JANSENS.  The superseding indictment includes the substantive and conspiracy offenses of Title 18, United States Code, Section2423, and adds charges relating to the aggravated sexual abuse of two of the children, pursuant to Title 18, United States Code, Section2241(c).

24.  In preparing for the grand jury presentment for June 24, 2009, investigators discovered that the forensic examination of the JANSENS electronic media was incomplete, and that some of the evidence had not been "acquired" as required by NYSP protocols, and as reported by the examiner. The examiner who had been assigned to the case also reported that some pieces of electronic media contained nothing of evidentiary value.  A copy of that report is attached as *Exhibit 4*.  However, in their statements the JANSENS both admitted

8

that they received and possessed child pornography on various computers. For example, both of the JANSENS describe viewing child pornography on the laptop computer used by AMANDA JANSEN. Although the forensic report indicates that "nothing of evidentiary value" was located on the laptop computer, NYSP Inv. Todd Grant conducted a forensic preview of that laptop – subsequent to the forensic examination – and that preview revealed that in fact it does contain video files depicting sexually explicit conduct with minors. Furthermore, the forensic examiner did not acquire or examine numerous items of electronic media, indicating in his report that examination had not been requested.

25.    Each piece of electronic media that is the subject of this search warrant application has been in the custody and control of the NYSP since the time of its seizure from the JANSENS. The probable cause that existed at the time the original search warrants were issued has not changed. Because it appears that the forensic examiner did not follow proper protocols in regard to the items of electronic media he did examine, and because he did not examine at all numerous other pieces of media, each piece of electronic media listed in this application will need to be re-examined by another examiner. As nine months have passed since the seizure of the electronic media, this application is being made requesting authorization of this Court allowing the NYSP at this time to acquire, archive, and analyze each piece of electronic media listed above and to search each item for the evidence listed in Attachment A to this application.

**IV. CONCLUSION**

26.    Based on the above information there is probable cause to believe that evidence of a violation of 18 U.S.C. 2251(production of child pornography), 2252A(receipt, distribution, and possession of child pornography), 18 U.S.C, Sections 2423(a) and (e)(transportation and

9

conspiracy to transport minors in interstate commerce for the purpose of unlawful sexual activity), and 18 U.S.C., Section 2241(c) (aggravated sexual abuse) may be located within the items of electronic media described above.

27.     Accordingly, by this affidavit and application, your affiant is requesting that the Court issue a search warrant for each item of electronic media described above for evidence of those offenses, as further described in Attachment A.

TIMOTHY KIRK
Resident Agent in Charge
United States Secret Service

Sworn to me this 30th
day of June, 2009.

Hon. Gustave J. DiBianco
United States Magistrate Judge

10

## ATTACHMENT A

## LIST OF ITEMS TO BE SEIZED AND SEARCHED

Items evidencing violations of 18 U.S.C. 2251(production of child pornography), 2252A(receipt, distribution, and possession of child pornography), 18 U.S.C, Sections 2423(a) and (e)(transportation and conspiracy to transport minors in interstate commerce for the purpose of unlawful sexual activity), and 18 U.S.C., Section 2241(c) (aggravated sexual abuse), including but not limited to:

1.      Visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256;

2.      Internet history including evidence of visits to websites that offer visual depictions of minors engaged in sexually explicit conduct as defined in Title 18, United States Code, Section 2256;

3.      Correspondence identifying persons transmitting through interstate or foreign commerce, including by mail or computer, any visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256;

4.      Correspondence and other matter pertaining to the production, purchase, possession, receipt or distribution of visual depictions of minors engaged in sexually explicit conduct as defined in Title 18 United States Code, Section 2256, and evidence that would assist in identifying any victims of the above-referenced criminal offenses.

5.      Records stored on computer storage disks within the computer shown in the use or ownership of Internet accounts, including evidence of Internet user names, screen names or other Internet user identification.

1

6.   Computer software, meaning any and all data, information, instructions, programs, or program codes, stored in the form of electronic, magnetic, optical, or other media, which is capable of being interpreted by a computer or its related components.   Computer software may also include data, data fragments, or control characters integral to the operation of computer software, such as operating systems software, applications software, utility programs, compilers, interpreters, communications software, and other programming used or intended to be used to communicate with computer components.

7.   Computer-related documentation that explains or illustrates the configuration or use of any seized computer hardware, software, or related items.

8.   Computer passwords and data security devices, meaning any devices, programs, or data -- whether themselves in the nature of hardware or software -- that can be used or are designed to be used to restrict access to, or to facilitate concealment of, any computer hardware, computer software, computer-related documentation, or electronic data records.

9.   Any computer or electronic records, documents, and materials referencing and relating to the above-described offenses.

10.   Records of personal and business activities relating to the operation and ownership of the computer systems, such as telephone records, notes (however and wherever written, stored, or maintained), books, notes, and reference materials.

11.   Any records or documents pertaining to accounts held with Internet Service Providers or of Internet use.

12.   Records of address or identifying information for AMANDA D. JANSEN (or in her maiden name, BURROWS) and/or CHRISTOPHER I. JANSEN, and any personal or business contacts or associates of his, (however and wherever written, stored, or maintained),

2

including contact lists, buddy lists, email lists, ICQ addresses, IRC names (a.k.a., "Nics"), user IDs, eIDs (electronic ID numbers), and passwords.

13.     Documents and records regarding the ownership and/or possession of the computers and electronic media being searched.

14.     Computer records and evidence identifying who the particular user was who produced, downloaded or possessed any child pornography found on any item of electronic media.

15.     Any and all visual depictions of minors, including, but not limited to, sexually explicit images of minors.

16.     Any and all electronically stored address books, names, and lists of names and addresses of minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

17.     Any and all electronically stored records reflecting personal contact and any other activities with minors visually depicted while engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256(2).

18.     Any and all child erotica, including photographs of children that are not sexually explicit, drawings, sketches, fantasy writings, notes, and sexual aids.

19.     Any and all search terms, search results, documents or other records relating to searches and/or research regarding drugs such as, but not limited to, Ambien, and the effect of such drugs on individuals, including children.

20.     Any and all records and of stored contacts and/or phone book information.

21.     Any and all messages (sent or received) in any form, records, or other material or data pertaining to the transportation of, and/or the conspiracy to transport minors (under the age

3

of 18) in interstate commerce, with the intent that the minors engage in sexual activity for which any person can be charged with a criminal offense as defined in Title 18 U.S.C. Sections 2423(a) and (e), and relating to the aggravated sexual abuse of children as defined in Title 18 U.S.C. Section 2241(c).

22.     The authorization includes the search of the electronic media listed on the face of the warrant for electronic data to include saved data, deleted data, remnant data and slack space.

# Exhibit 1

# SEARCH WARRANT

## LOCAL CRIMINAL COURT, CITY OF WATERTOWN, JEFFERSON COUNTY

### TO ANY MEMBER OF THE NEW YORK STATE POLICE:

### YOU ARE HEREBY DIRECTED TO SEARCH:

All computers secured from 435 South Hycliff Drive Building 609 Apartment A Watertown, NY which are now in the New York State Police Custody. These include:

1. Homemade Tan color tower Gigabyte Tech
2. Western Digital Hard Drive
3. Maxtor Hard Drive
4. HP Pavilion Laptop
5. Sandisk Cruzer thumb drive
6. Attached 4G Thumb drive

### AND

435 South Hycliff Drive Building 609 Apartment A Watertown, NY and any other areas the residents may have custody or control of such as, but not limited to, the basement, the garage and other curtilage or vehicles on the property.

The address of 435 South Hycliff Drive Building 609 Apartment A Watertown, NY is a wood constructed two story apartment building . 435 South Hycliff Drive Building 609 Apartment A Watertown, NY can be further described as having dark siding. The number 609 is located above the main entrance to the building and the letter "A" is affixed to the door. Apartment "A" is a first floor apartment.

### FOR THE FOLLOWING PROPERTY:

The property referred to and authorized to be seized, searched, held, and subsequently examined is believed to contain evidence that will constitute, substantiate or support violations of Article 263 of the Penal Law of the State of New York, and this property is further described as follows:

1. Any and all computers, as that term is defined in Penal Law 156.00(1).

2. Any computers, central processing units, external and internal drives, storage units or media, terminals and video display units, together with peripheral equipment such as keyboards, printers, modems, scanners, or digital cameras and their internal or external storage media.

3. Any and all computing or data processing software, or data including, but not limited to hard disks, floppy disks, magnetic tapes, integral RAM or ROM units, and any other permanent or portable storage device(s) which may reveal evidence which substantiates violations of the aforementioned NY State Penal Law Statutes.

4. The following records and documents, whether contained or stored on the computer, magnetic tape, cassette, disk, diskette, photo-optical device, or any other storage medium:

    a.  Any access numbers, passwords, personal identification numbers (PINS), logs, notes, memoranda and correspondence relating to computer, electronic and voice mail systems, Internet addresses and/or related contacts.

    b.  Any computing or data processing literature, including, but not limited to printed copy, instruction books, notes, papers, or listed computer programs, in whole or in part.

    c.  Any audio or video cassette tape recordings, books, magazines, periodicals, or other recorded or printed material, the possession of which constitutes a violation of Article 263 of the Penal Law of the State of New York.

    d.  Any and all photographs depicting sexual conduct by a child and/or minors engaged in sexually explicit conduct.

    e.  Any records or correspondence relating to the possession, transmission, collection, trading, or production of the aforementioned photographs.

- You are directed to seize the same and, without unnecessary delay, return it to this court together with this warrant and a written inventory of such property subscribed and sworn to by you.
- You are directed to execute this warrant between the hours of 6:00am and 9:00pm.
- You are authorized, in the execution of this warrant, to enter the premises to be searched without giving notice of your authority or purpose.

This search warrant issued this _____ day of September 2008 _____

(Signature of Judge or Justice)

# APPLICATION FOR SEARCH WARRANT
## (Section 690.35 CPL)

STATE OF NEW YORK
COUNTY OF JEFFERSON

LOCAL CRIMINAL COURT
CITY OF WATERTOWN

To the Presiding Magistrate, Local Criminal Court, City of Watertown:

I, William C. Griggs, a Police Officer of the State of New York, to wit, an Investigator with the New York State Police, assigned locally to the Computer Crimes Unit – Central Region, do hereby state that there is reasonable cause to believe that property of a kind or character described in Section 690.10 of the Criminal Procedure Law may be found in or upon a designated or described place, vehicle or person.

**A.** **THE PROPERTY REFERRED TO AND SOUGHT TO BE SEIZED, SEARCHED, EXAMINED AND HELD (Sec 690.10 NYS CPL)**

1. Is believed to have been used to commit an offense against the laws of this state, to wit, violations of Article 263 of the Penal Law of the State of New York; and
2. Constitutes evidence and tends to demonstrate that an offense was committed in this state, to wit, violations of Articles 263 of the Penal Law of the State of New York; and

**B.** **THE PROPERTY REFERRED TO AND SOUGHT TO BE SEIZED, SEARCHED, EXAMINED AND HELD IS DESCRIBED AS:**

1. .Any and all computers, as that term is defined in Penal Law 156.00(1). ·

2. Any computers, central processing units, external and internal drives, storage units or media, terminals and video display units, together with peripheral equipment such as keyboards, printers, modems, scanners, or digital cameras and their internal and external storage media.

3. Any and all computing or data processing software, or data including, but not limited to hard disks, floppy disks, magnetic tapes, and integral RAM or ROM units which may reveal evidence which substantiates violations of the aforementioned NY State Penal Law Statutes.

4. The following records and documents, whether contained or stored on the computer, magnetic tape, cassette, CD disk, diskette, photo-optical device, or any other storage medium:
    a. Any access numbers, passwords, personal identification numbers (PINS), logs, notes, memoranda and correspondence relating to computer, electronic and voice mail systems, Internet addresses and/or related contacts.
    b. Any computing or data processing literature, including, but not limited to printed copy, instruction books, notes, papers, or listed computer programs, in whole or in part.
    c. Any audio or video cassette tape recordings, books, magazines, periodicals, or other recorded or printed material, the possession of which constitutes a violation of Article 263 of the Penal Law of the State of New York.
    d. Any and all photographs depicting sexual conduct by a child and/or minors engaged in sexually explicit conduct.
    e. Any records or correspondence relating to the possession, transmission, collection, trading, or production of the aforementioned photographs.

**C.** **DESIGNATION OR DESCRIPTION OF PLACE, VEHICLE OR PERSON TO BE SEARCHED:**

All computers secured from 435 South Hycliff Drive Building 609 Apartment A Watertown, NY which are now in the New York State Police Custody. These include:
1. Homemade Tan color tower Gigabyte Tech
2. Western Digital Hard Drive
3. Maxtor Hard Drive
4. HP Pavilion Laptop
5. Sandisk Cruzer thumb drive
6. Attached 4G Thumb drive

435 South Hycliff Drive Building 609 Apartment A Watertown, NY and any other areas the residents may have custody or control of such as, but not limited to, the basement, the garage and other curtilage or vehicles on the property.

The address of 435 South Hycliff Drive Building 609 Apartment A Watertown, NY is a wood constructed two story apartment building . 435 South Hycliff Drive Building 609 Apartment A Watertown, NY can be further described as having dark siding. The number 609 is located above the main entrance to the building and the letter "A" is affixed to the door. Apartment "A" is a first floor apartment.

**D.** **ALLEGATIONS OF FACT IN SUPPORT OF STATEMENT THAT THERE IS REASONABLE CAUSE TO BELIEVE THAT PROPERTY OF A KIND OR CHARACTER DESCRIBED IN SECTION 690.10 OF THE CRIMINAL PROCEDURE LAW MAY BE FOUND IN OR UPON A DESIGNATED OR DESCRIBED PLACE, VEHICLE OR PERSON:**

Investigator William C. Griggs, being duly sworn, deposes and says:

1) I am the applicant herein and am a public servant of the kind specified in Section 690.05, Subdivision 1 of the Criminal Procedure Law, my title being that of Investigator with the Division of New York State Police. I am locally assigned to the New York State Police Computer Crimes Unit - Central Region. I have been a member of the New York State Police since September 30, 1985. In my capacity as an Investigator and a member of the Computer Crime Unit, I have been involved in the investigation of offenses relating to computers and the Internet, as well as investigations involving the distribution of child pornography via the Internet since October 19, 2006. Since this time I have been involved in the execution of at least nineteen search warrants. I have received training on the subject of online criminal investigation, the distribution of child pornography, and computer evidence handling and forensics. During my employment, I have attended the 24-week NYS Police Academy, studying basic investigative techniques. Since that time, I have received training in basic and advanced Internet investigative techniques as they apply to child pornography investigations. Investigators with the Internet Crimes Against Children Task Force have instructed me in techniques of child pornography investigations. I regularly attend continuing education in the field of computer and Internet investigations. Since this affidavit is being submitted for the limited purpose of securing a search warrant, I have not included each and every fact known to me concerning this investigation. I have set forth only the facts that I believe are necessary to establish reasonable cause to believe that evidence of violations of New York State Penal Law Section 263 will be located within the above-described premises.

2) **Characteristics of Collectors of Child Pornography**: Based upon my own knowledge, experience, and training in child exploitation and child pornography investigations, and the training and experience of other law enforcement officers with whom I have had discussions, there are certain commonalities between individuals involved in the receipt and collection of child pornography:

a. Child pornography collectors may receive sexual gratification, stimulation, and satisfaction from contact with children; or from fantasies they may have viewing children engaged in sexual activity or in sexually suggestive poses, such as in person, in photographs, or other visual media; or from literature describing such activity.

b. Collectors of child pornography collect sexually explicit or suggestive materials, such as hard- and soft-core pornography, whether of adults or of children, in a variety of media, including photographs, magazines, motion pictures, video tapes, books, slides and/or drawings or other visual media. Child pornography collectors then use these materials for their own sexual arousal and gratification. Further, they commonly use these materials to lower the inhibitions of children they are attempting to seduce, to arouse the selected child partner, or to demonstrate the desired sexual acts.

c. Collectors of child pornography almost always possess and maintain their "hard copy" child pornographic material, that is, their pictures, films, video tapes, magazines, negatives, photographs, correspondence, mailing lists, books, tape recordings, child erotica ["Child erotica," as used in this Affidavit, is defined as materials or items that are sexually arousing to certain individuals but which are not in and of themselves obscene or do not necessarily depict minors in sexually explicit poses or positions. Such material may include non-sexually explicit photographs (such as minors depicted in undergarments in department store catalogs or advertising circulars), drawings, or sketches, written descriptions/stories, or journals.], in the privacy and security of their home or some other secure location. Child pornography distributors and collectors typically retain pictures, films, photographs, negatives, magazines, correspondence, books, tape recordings, mailing lists, child erotica, and videotapes for many years.

d. Likewise, collectors of child pornography maintain their computer collections in a safe, secure environment, such as a computer and surrounding area, because this material is illegal, difficult to obtain, and difficult to replace. These collections are maintained for several years and are kept close by, usually at the collector's residence, to enable the collector to view the collection, which is valued highly.

e. Child pornography collectors also often correspond with and/or meet others to share information and materials; rarely destroy correspondence from other child pornography distributors/collectors; conceal such correspondence as they do their sexually explicit material; and often maintain lists of names, addresses, and telephone numbers of individuals with whom they have been in contact and who share the same interests in child pornography.

f. Collectors of child pornography prefer not to be without their child pornography and/or child erotica for any prolonged time period. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world.

Page 3 of 5

**3) Overview of the Investigation:** On about 09/09/2008 your Affiant received an informational packet from the Internet Crimes Against Children (i.e. ICAC) Task Force, located within the New York State Police Computer Crimes Unit in Albany, NY, pertaining to the possession of child pornography by Chris Jansen. Included in this informational packet was a National Center for Missing and Exploited Children Cyber TipLine Report. A copy of this report has been attached to and made part of this application as **Enclosure #1.**

4) On 09/17/2008 your Affiant interviewed a Christopher I. Jansen at his residence at 435 South Hycliff Drive Building 609 Apartment A Watertown, NY. During the interview with Mr. Jansen he stated that he currently lived at the aforementioned residence with his wife Amanda Burrows and their infant daughter. Mr. Jansen stated that he did own computers and he provided a written consent giving the New York State Police authority to examine the stated material for evidence of child pornography.

5) On 09/18/2008 your Affiant conducted a limited forensic examination on a computer provided by Mr. Jansen. During the limited forensic examination your Affiant located a video which depicts an adult male having sexual contact with a female under that age of sixteen. A copy of this video has been attached to and made part of this application as **Enclosure #2.**

## E.   CONCLUSION AND SPECIFIC REQUEST

Based upon the investigation your Affiant has conducted and the information provided to your Affiant by the ICAC your Affiant has cause to believe that a computer or computers located at 435 South Hycliff Drive Building 609 Apartment A Watertown, NY may contain images of child pornography in violation of Article 263 of the Penal Law. Your Affiant further states that there is reason to believe that evidence will be found at 435 South Hycliff Drive Building 609 Apartment A Watertown, NY, that constitutes evidence of this crime. Based upon the training I have received, as well as experience conducting child pornography investigations that have led to the execution of search warrants and subsequent examinations of computer systems, I have learned that people who buy, produce, trade or sell child pornography rarely, if ever, dispose of their sexually explicit materials, and they treat these materials as "prized possessions." In addition, based upon my experience in the field of computer crime investigations, I know that information, including images, can easily exist on a computer for days, months, even years after it is "deleted" by the user. This information can be extracted from the computer during a forensic examination of the system.

I further know that conducting a search of a computer system, documenting the search and making evidential copies is a lengthy process. It is necessary to determine that no security devices are in place that could cause the destruction of evidence during the search. In some cases, it is impossible to even conduct the search without expert assistance. Since computer evidence is extremely vulnerable to tampering or destruction, examination will require removal of the system from its present location and transferal to our Forensic Computer Lab at Division Headquarters in Albany or their designee, which will assist in retrieving the records and data authorized to be seized in a controlled environment.

Your Affiant recognizes that some of the above-described property is data that will be contained on said computer in electronic and machine-readable media, which is not readable, by your deponent in its present state. By this application your Affiant requests authorization for himself and other

# SEARCH WARRANT

## LOCAL CRIMINAL COURT, CITY OF WATERTOWN, JEFFERSON COUNTY

### TO ANY MEMBER OF THE NEW YORK STATE POLICE:

### YOU ARE HEREBY DIRECTED TO SEARCH:

1. 435 South Hycliff Drive Building 609 Apartment A Watertown, NY.

   The address of 435 South Hycliff Drive Building 609 Apartment A Watertown, NY is a wood constructed two story apartment building . 435 South Hycliff Drive Building 609 Apartment A Watertown, NY can be further described as having dark siding. The number 609 is located above the main entrance to the building and the letter "A" is affixed to the door. Apartment "A" is a first floor apartment.

2. Apple iPhone 16 gigabyte Model Number A1203 Serial Number 88813PG70KH located in New York State Police custody.

3. 2007 Chevrolet Four Door Color Gray bearing TX Registration 219WYC. Vehicle Identification Number KL1TD56697B145988 located in New York State Police Custody.

### FOR THE FOLLOWING PROPERTY:

The property referred to and authorized to be seized, searched, held, and subsequently examined is believed to contain evidence that will constitute, substantiate or support violations of Article 263 and 130 of the Penal Law of the State of New York, and this property is further described as follows:

1. Any and all computers, as that term is defined in Penal Law 156.00(1).

2. Any computers, central processing units, external and internal drives, storage units or media, terminals and video display units, together with peripheral equipment such as keyboards, printers, modems, scanners, or digital cameras and their internal and external storage media.

3. Any and all computing or data processing software, or data including, but not limited to hard disks, floppy disks, magnetic tapes, and integral RAM or ROM units which may reveal evidence which substantiates violations of the aforementioned NY State Penal Law Statutes.

4. The following records and documents, whether contained or stored on the computer, magnetic tape, cassette, CD disk, diskette, photo-optical device, or any other storage medium:
   a. Any access numbers, passwords, personal identification numbers (PINS), logs, notes, memoranda and correspondence relating to computer, electronic and voice mail systems, Internet addresses and/or related contacts.
   b. Any computing or data processing literature, including, but not limited to printed copy, instruction books, notes, papers, or listed computer programs, in whole or in part.
   c. Any audio or video cassette tape recordings, books, magazines, periodicals, or other recorded or printed material, the possession of which constitutes a violation of Article 263 of the Penal Law of the State of New York.
   d. Any and all photographs depicting sexual conduct by a child and/or minors engaged in sexually explicit conduct.
   e. Any records or correspondence relating to the possession, transmission, collection, trading, or production of the aforementioned photographs.

5. Playstation 3 located at 435 South Hycliff Drive Building 609 Apartment A Watertown, NY .

6. Apple iPhone 16 gigabyte Model Number A1203 Serial Number 88813PG70KH located in New York State Police Custody.

7.    2007 Chevrolet Four Door Color Gray bearing TX Registration 219WYC. Vehicle Identification Number KL1TD56697B145988 located in New York State Police Custody.

- You are directed to seize the same and, without unnecessary delay, return it to this court together with this warrant and a written inventory of such property subscribed and sworn to by you.
- You are directed to execute this warrant between the hours of 6:00am and 9:00pm.
- You are authorized, in the execution of this warrant, to enter the premises to be searched without giving notice of your authority or purpose.

This search warrant issued this ____ day of September 2008 _____

(Signature of Judge or Justice)

# APPLICATION FOR SEARCH WARRANT
## (Section 690.35 CPL)

STATE OF NEW YORK                                           LOCAL CRIMINAL COURT
COUNTY OF JEFFERSON                                         CITY OF WATERTOWN

To the Presiding Magistrate, Local Criminal Court, City of Watertown:

I, Todd F. Grant, a Police Officer of the State of New York, to wit, an Investigator with the New York State Police, assigned locally to the Computer Crimes Unit – Central Region, do hereby state that there is reasonable cause to believe that property of a kind or character described in Section 690.10 of the Criminal Procedure Law may be found in or upon a designated or described place, vehicle or person.

**A.** THE PROPERTY REFERRED TO AND SOUGHT TO BE SEIZED, SEARCHED, EXAMINED AND HELD (Sec 690.10 NYS CPL)

1. Is believed to have been used to commit an offense against the laws of this state, to wit, violations of Articles 263 and 130 of the Penal Law of the State of New York; and
2. Constitutes evidence and tends to demonstrate that an offense was committed in this state, to wit, violations of Articles 263 and 130 of the Penal Law of the State of New York; and

**B.** THE PROPERTY REFERRED TO AND SOUGHT TO BE SEIZED, SEARCHED, EXAMINED AND HELD IS DESCRIBED AS:

1. Any and all computers, as that term is defined in Penal Law 156.00(1).

2. Any computers, central processing units, external and internal drives, storage units or media, terminals and video display units, together with peripheral equipment such as keyboards, printers, modems, scanners, or digital cameras and their internal and external storage media.

3. Any and all computing or data processing software, or data including, but not limited to hard disks, floppy disks, magnetic tapes, and integral RAM or ROM units which may reveal evidence which substantiates violations of the aforementioned NY State Penal Law Statutes.

4. The following records and documents, whether contained or stored on the computer, magnetic tape, cassette, CD disk, diskette, photo-optical device, or any other storage medium:
   a. Any access numbers, passwords, personal identification numbers (PINS), logs, notes, memoranda and correspondence relating to computer, electronic and voice mail systems, Internet addresses and/or related contacts.
   b. Any computing or data processing literature, including, but not limited to printed copy, instruction books, notes, papers, or listed computer programs, in whole or in part.
   c. Any audio or video cassette tape recordings, books, magazines, periodicals, or other recorded or printed material, the possession of which constitutes a violation of Article 263 of the Penal Law of the State of New York.
   d. Any and all photographs depicting sexual conduct by a child and/or minors engaged in sexually explicit conduct.
   e. Any records or correspondence relating to the possession, transmission, collection, trading, or production of the aforementioned photographs.

Page 1 of 5

f. Collectors of child pornography prefer not to be without their child pornography and/or child erotica for any prolonged time period. This behavior has been documented by law enforcement officers involved in the investigation of child pornography throughout the world.

3) **Overview of the Investigation**: On about 09/09/2008 New York State Police Investigator William Griggs received an informational packet from the Internet Crimes Against Children (i.e. ICAC) Task Force, located within the New York State Police Computer Crimes Unit in Albany, NY, pertaining to the possession of child pornography by Chris Jansen. Included in this informational packet was a National Center for Missing and Exploited Children Cyber TipLine Report. A copy of this report has been attached to and made part of this application as **Enclosure #1.**

4) On 09/17/2008 Inv. Griggs interviewed a Christopher I. Jansen at his residence at 435 South Hycliff Drive Building 609 Apartment A Watertown, NY. During the interview with Mr. Jansen he stated that he currently lived at the aforementioned residence with his wife Amanda Burrows and their infant daughter. Mr. Jansen stated that he did own computers and he provided a written consent giving the New York State Police authority to examine the stated material for evidence of child pornography.

5) On 09/18/2008 Inv. Griggs conducted a limited forensic examination on a computer provided by Mr. Jansen, During the limited forensic examination your Affiant located a video which depicts an adult male having sexual contact with a female under that age of sixteen.

6) On 09/18/2008 your Affiant conducted a search warrant issued by the City of Watertown Court. During the initial search warrant Chris and Amanda Jansen were not present at the residence. After a short period of time Chris and Amanda Jansen returned to the residence in a Chevrolet four door color gray bearing TX registration 219WYC. Amanda Jansen was interviewed and provided a written statement detailing multiple criminal acts involving children under the age of sixteen years of age. Within this statement Amanda admits that she and Chris packed her vehicle with items prior to the search warrant execution for the purpose of evading police capture.

7) On 09/18/2008 Jefferson County Child Protective Services was contacted to provide temporary care for Chris and Amanda's sixteen month old daughter. When CPS arrived they were provided with a Diaper Bag by Amanda Jansen. On 09/20/08 Joann E. Benner, the foster parent assigned to care for the sixteen month old daughter, located an Apple iPhone Serial Number 88813PG70KH secreted within the diaper bag.

8) On 09/22/08 Senior Investigator Alan Cordary conducted a limited forensic analysis on a computer secured during the above mentioned search warrant. During this analysis Sr. Inv. Cordary located photo documentation of hard drives being interchanged from a Playstation 3. During the search warrant this Playstation 3 was observed within the residence but not secured. A forensic analysis of one of the hard drives observed being exchanged in the Playstation 3 revealed multiple videos showing adults having sex with children under the age of sixteen years old.

E.   **CONCLUSION AND SPECIFIC REQUEST**

Based upon the investigation your Affiant has conducted and the information provided to your Affiant by the ICAC your Affiant has cause to believe that a Playstation 3 located at 435 South Hycliff Drive Building 609 Apartment A Watertown, NY may contain images of child pornography

in violation of Article 263 of the Penal Law. Your Affiant further states that there is reason to believe that evidence will be found within the 2007 Chevrolet Four Door Color Gray bearing TX Registration 219WYC and an Apple iPhone 16 gigabyte Model Number A1203 Serial Number 88813PG70KH located within New York State Police custody that constitutes evidence of this crime. Based upon the training I have received, as well as experience conducting child pornography investigations that have led to the execution of search warrants and subsequent examinations of computer systems, I have learned that people who buy, produce, trade or sell child pornography rarely, if ever, dispose of their sexually explicit materials, and they treat these materials as "prized possessions." In addition, based upon my experience in the field of computer crime investigations, I know that information, including images, can easily exist on a computer for days, months, even years after it is "deleted" by the user. This information can be extracted from the computer during a forensic examination of the system.

I further know that conducting a search of a computer system, documenting the search and making evidential copies is a lengthy process. It is necessary to determine that no security devices are in place that could cause the destruction of evidence during the search. In some cases, it is impossible to even conduct the search without expert assistance. Since computer evidence is extremely vulnerable to tampering or destruction, examination will require removal of the system from its present location and transferal to our Forensic Computer Lab at Division Headquarters in Albany or their designee, which will assist in retrieving the records and data authorized to be seized in a controlled environment.

Your Affiant recognizes that some of the above-described property is data that will be contained on said computer in electronic and machine-readable media, which is not readable, by your deponent in its present state. By this application your Affiant requests authorization for himself and other searching members to seize, examine, listen to, read, view and maintain the above-described property and to convert it to humanly readable and viewable form as necessary.

Wherefore, I respectfully request that the Court issue a search warrant and order of seizure of the aforementioned described property in order that it may be ascertained if any such property constitutes, substantiates or supports the violations of Article 263 and 130 of the Penal Law of the State of New York. Additionally, it is requested that any and all seized property of the aforementioned described manner be held for analysis and evaluation at the New York State Police Computer Crime Unit Forensic Laboratory in Albany, NY or their designee.

It is further requested that such warrant authorize the executing police officer to enter the premises to be searched without giving notice of his authority or purpose based upon the fact that computer material can readily be destroyed almost instantly if it is not secured immediately upon arrival at the premises.

_____
Signature
(Investigator Todd F. Grant)

Subscribed and sworn to before me
This 25 day of September 2008.

_____
(Title)

Exhibit 3

AO 93 (Rev. 5/85) Search Warrant

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**
DEC 1 5 2008
AT_____O'CLOCK
_____ K. Baerman, Clerk - Syracuse

# United States District Court

**NORTHERN** _____ **DISTRICT OF** _____ **NEW YORK**

In the Matter of the Search of
(Name, address or brief description of property or premises to be searched)

One Apple iPhone, model no. 88813PG70KH,
FCC ID: BCGA1203, IMEI No. 011434002198495,
with a black marware cover

# SEARCH WARRANT

**CASE NUMBER: 5:08-MJ-**552

**TO:  ANY AGENT OF UNITED STATES SECRET SERVICE,**   and any other Authorized
Officer of the United States, or the State of New York acting together with the United States Secret
Service,

Affidavit(s) having been made before me by UNITED STATES SECRET SERVICE SPECIAL
AGENT ANTHONY J. MONACO, who has reason to believe that within the property known as: **one
Apple iPhone, Model No: 88813PG70KH, FCC ID: BCGA1203, IMEI Number:
011434002198495, with a black marware cover**

which property is currently within the NORTHERN  District of  NEW YORK, **and constitutes
evidence of the commission of a criminal offense and/or contraband, the fruits of the crime or
things otherwise criminally possessed and/or property designed or intended for use or which
is or has been used as a means of committing a criminal offense, as more particularly set forth
in Attachment A.**

I am satisfied that the affidavit(s) and any recorded testimony establish probable cause to believe that
the evidence so described, is now concealed on within the above-described property, and establishes
grounds for the issuance of this warrant.

**YOU ARE HEREBY COMMANDED** to search on or before   December 25, 2008        the
item named above for the property specified, serving this warrant and making the search (in the
daytime - 6:00 A.M. to 10:00 P.M.)~~(at any time in the day or night as I find reasonable cause has been
established)~~ and if the property be found there to seize same, leaving a copy of this warrant and
receipt for the person or property taken, and prepare a written inventory of the person or property
seized and promptly return this warrant to ANY NORTHERN DISTRICT OF NEW YORK JUDGE
as required by law.

December 15, 2008 at  9:30 a.m         at   Syracuse, New York
Date and Time Issued                            City and State

George H. Lowe, USMJ         
Name and Title of Judicial Officer          Signature of Judicial Officer

(AUSA Lisa Fletcher)

## ATTACHMENT A

A.     All visual depictions, including still images, videos, films or other recordings of child pornography or minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256;

B.     Any and all documents, records, text messages, e-mails, and internet history pertaining to the production, possession, receipt or distribution of child pornography or evidence of visits to websites that offer visual depictions of minors engaged in sexually explicit conduct, as defined in Title 18, United States Code, Section 2256, or pertaining to an interest in child pornography whether transmitted or received;

C.     Any and all records and data relating to the owner and user of the subject iPHONE, including records and data of stored contacts and/or phone book information.

E.     Any and all messages (sent or received) in any form, records, or other material or data pertaining to the transportation of, and/or the conspiracy to transport minors (under the age of 18) in interstate commerce, with the intent that the minors engage in sexual activity for which any person can be charged with a criminal offense as defined in Title 18 U.S.C. Sections 2423(a) and (e).

U.S. DISTRICT COURT - N.D. OF N.Y.
**FILED**

DEC 1 5 2008

AT_____ O'CLOCK
Lawrence K. Baerman, Clerk - Syracuse

IN THE UNITED STATES OF DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| IN RE: | ) | APPLICATION AND MOTION |
| | ) | OF THE UNITED STATES |
| ORDER AUTHORIZING APPLE, INC. | ) | MISC. NO. 5:08-MJ- 552 |
| TO ASSIST IN THE EXECUTION OF | ) | |
| A FEDERAL SEARCH WARRANT | ) | |

NOW COMES the United States of America, by and through ANDREW T. BAXTER,

Acting United States Attorney, and Lisa M. Fletcher, Assistant United States Attorney, and hereby

moves this Court for an order, pursuant to 28 U.S.C. § 1651 (the "All Writs Act"), authorizing the

Apple, Inc, to assist the New York State Police in the execution of a federal search warrant.

The New York State Police Forensic Investigative Center - Computer Crimes Unit currently

has in its possession one iPhone that is the subject of a Federal Search Warrant authorized and issued

by this Court. Because the iPhone is password protected the Computer Crimes Unit cannot execute

the warrant as it is unable to bypass the password and retrieve any data contained within the phone,

including data authorized by the warrant.

Apple, Inc. is the manufacturer of the subject iPhone, and has the ability to bypass the

password protection, enabling the New York State Police to analyze the phone in compliance with

this Court's search warrant,

Without an order of this Court authorizing Apple, Inc.to assist the New York State Police

Forensic Investigative Center - Computer Crimes Unit in this manner, execution of the search

warrant is impossible.

Currently, there is no specific statute authorizing a private manufacturer of electronic media

FOR THE NORTHERN DISTRICT OF NEW YORK
Clerk. I do hereby certify that this
is a true, correct and full copy of the original document on file in
my custody.
# of pages (text)_____3_____ # of pages including (exhibits)_____
Dated ____12-15-08____ Lawrence K. Baerman, Clerk
by_____, Deputy Clerk

to assist law enforcement in the execution of a search warrant, as is required in this matter. However, the All Writs Act authorizes "[t]he Supreme Court and all courts established by Act of Congress . . . [to] issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651(a). As the Supreme Court explained, "[t]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Correction v. United States Marshals Service*, 474 U.S. 34, 43 (1985); *see also, U.S. v. New York Telephone Co.*, 434 U.S. 159 (1978)(a case decided before the federal pen register/trap and trace statute was enacted, holding that an pen trap could be authorized by a search warrant based on probable cause and that the All Writs Act was an appropriate means for directing the telephone company to provide assistance to the government in executing the warrant.)

Based on the foregoing the government respectfully requests the Court grant this motion, and issue an Order authorizing Apple Inc. to assist law enforcement agents in the search of one Apple iPhone Telephone, Model No: 88813PG70KH, FCC ID: BCGA1203, IMEI Number: 011434002198495 with a black marware cover (the "cell phone"), and ordering Apple, Inc. to assist law enforcement in searching the cell phone, assistance that shall include, but is not limited to, bypassing the cell phone user's passcode so that the agents may search the cell phone .

December 15, 2008                          Respectfully,

                                           ANDREW T. BAXTER
                                           Acting United States Attorney

                       By:   _____
                                           Lisa M. Fletcher
                                           Assistant U.S. Attorney
                                           Bar Roll No. 510187

IN THE UNITED STATES OF DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| ORDER AUTHORIZING APPLE, INC. | ) | ORDER |
| TO ASSIST IN THE EXECUTION OF | ) | MISC. NO.  5:08-MJ-552 |
| A FEDERAL SEARCH WARRANT | ) | |
| | ) | |

Before the Court is the Government's motion for an order authorizing Apple, Inc. to assist

law enforcement agents in the search of one Apple iPhone Model No: 88813PG70KH, FCC ID:

BCGA1203, IMEI Number: 011434002198495 with a black marware cover.  Upon consideration

of the motion, and for the reasons stated therein,  it is hereby

ORDERED that Apple Inc. assist law enforcement agents in the search of one Apple iPhone

Telephone, Model No: 88813PG70KH, FCC ID: BCGA1203, IMEI Number: 011434002198495

with a black marware cover (the "cell phone"); and it is hereby

FURTHER ORDERED that Apple, Inc. shall assist law enforcement agents in searching the

cell phone, assistance that shall include, but is not limited to, bypassing the cell phone user's

passcode so that the agents may search the cell phone.

IT IS SO ORDERED, this 15th day of December, 2008.

GEORGE H. LOWE
UNITED STATES MAGISTRATE JUDGE

# Exhibit 4



HARRY J. CORBITT
SUPERINTENDENT

### NEW YORK STATE POLICE
#### FORENSIC INVESTIGATION CENTER
Building 30
1220 Washington Ave.
Albany, NY 12226-3000
(518) 457-1208
#### COMPUTER CRIME UNIT

**TO:**   **Captain Mark Lincoln**          Report Date   **February 6, 2009**
New York State Police
Route 5, PO Box 30                 Lab Case #   **08HL-04909**
Oneida, New York 13421-0030
Agency Case #   **08-857**
**D311-SP WATERTOWN**

### *SUPPLEMENTAL REPORT*

**SUBJECT:**   **JANSEN, CHRISTOPHER ISAAC**
DEFENDANT
**JANSEN, AMANDA**
DEFENDANT
Offense Date **September 17, 2008**

**ITEMS SUBMITTED:**

Item # 1 :       Item identified as: Computer TowerHOMEMADE
Item #1 acquired, archived, and verified. Analyzed item 1 for evidence of possession and/or distribution of child pornography. Evidence located in the form of videos, and Windows operating system metadata. Case report generated and reduced to 1 DVD for review with case agent.

Item # 1A :     One (1) sealed envelope containing: CD or DVD MediaOne (1) sealed envelope containing : DVD with Final Report for Item #1
1 DVD containing analysis results for Item #1.

Item # 2       One (1) sealed brown paper bag containing: Disk DriveWESTERN DIGITAL
Item acquired, verified and archived. Analysis completed, nothing of evidentiary value located. Item 2 returned to agency. Case agent notified. Case closed.

Item # 3 .     One (1) sealed brown paper bag containing: Disk DriveMAXTOR
Item acquired, verified and archived. Analysis completed, nothing of evidentiary value located. Item 3 returned to agency. Case agent notified. Case closed.

Item # 4 :     Item identified as: Laptop ComputerHP PAVILION W/ POWER CORD SERIAL # CNF70641ZK
Item acquired, verified and archived. Analysis completed, nothing of evidentiary value located. Item 4 returned to agency. Case agent notified. Case closed.

Item # 5 :     One (1) sealed brown paper bag containing: Disk DriveSANDISK CRUZER
Item acquired, verified and archived. Analysis completed, nothing of evidentiary value located. Item 5 returned to agency. Case agent notified. Case closed.

COMPUTER CRIME UNIT

*SUPPLEMENTAL REPORT*

JANSEN, CHRISTOPHER ISAAC       Report Date       February 6, 2009
JANSEN, AMANDA                          Lab Case #           08HL-04909
Offense Date  September 17, 2008       Agency Case #     08-857

## ITEMS SUBMITTED:

Item # 6 :     One (1) sealed brown paper bag containing: Disk DriveATTACHE 4G
Item acquired, verified and archived. Analysis completed, nothing of evidentiary value located. Item 6 returned to agency. Case agent notified. Case closed.

Item # 11 :   One (1) sealed plastic bag containing: CD or DVD Media(9) CD-R'S
No examination request or required.  Item returned to agency.

Item # 12 :   One (1) sealed plastic bag containing: CD or DVD MediaBOX W/ CD-R
No examination request or required.  Item returned to agency.

Item # 13 :   One (1) sealed brown paper bag containing: Disk DriveSAMSUNG
No examination request or required.  Item returned to agency.

Item # 17 :   One (1) sealed plastic bag containing: Portable DeviceCINGULAR SONY ERICSSON CELL PHONE
No examination request or required.  Item returned to agency.

Item # 18 :   Item identified as: Computer TowerCOMPAQ PRESARIO SERIAL # 1X9CDCP3P2MM
No examination request or required.  Item returned to agency.

Item # 19 :   Item identified as: Computer TowerACER SERIAL # 009880
No examination request or required.  Item returned to agency.

Item # 20 :   One (1) sealed plastic bag containing: Portable DeviceMOTOROLA V3
No examination request or required.  Item returned to agency.

Item # 21 :   One (1) sealed plastic bag containing: CD or DVD MediaIN CASE
No examination request or required.  Item returned to agency.

Item # 22   One (1) sealed plastic bag containing: BLACK BAG W/ 2 CD-R'S AND PAPERS
No examination request or required  Item returned to agency

Item # 23   One (1) sealed plastic bag containing: CD or DVD Media2 CD-R'S
No examination request or required  Item returned to agency.

Item # 24 :   One (1) sealed plastic bag containing: Digital CameraNIKON COOLPIX
No examination request or required.  Item returned to agency.

Item # 25 :   One (1) sealed plastic bag containing: Digital CameraOLYMPUS CAMEDIA
No examination request or required.  Item returned to agency.

Item # 26 :   One (1) sealed plastic bag containing: Portable DeviceMOTOROLA L7C CAMERA PHONE
No examination request or required.  Item returned to agency.

Item # 27 :   One (1) sealed plastic bag containing: CD or DVD Media11 CD-R'S AND CASE

COMPUTER CRIME UNIT

*SUPPLEMENTAL REPORT*

JANSEN, CHRISTOPHER ISAAC
JANSEN, AMANDA
Offense Date  September 17, 2008

Report Date      February 6, 2009
Lab Case #       08HL-04909
Agency Case #    08-857

## ITEMS SUBMITTED:

No examination request or required.  Item returned to agency.

Item # 28 :   One (1) sealed plastic bag containing: Portable DeviceI-POD NANO
No examination request or required.  Item returned to agency.

Item # 29 :   One (1) sealed plastic bag containing: CD or DVD MediaSPINDLE OF CD-R'S
No examination request or required.  Item returned to agency.

Item # 30 :   One (1) sealed plastic bag containing: CD or DVD Media(5) CD-R'S
No examination request or required.  Item returned to agency.

Item # 31 :   One (1) sealed plastic bag containing: Memory CardTHUMB DRIVE AND CORD
No examination request or required.  Item returned to agency.

Item # 38 :   One (1) sealed plastic bag containing: Portable DeviceAPPLE I-PHONE AND
BLACK COVER
Item #38 Analyzed for evidence of possession and/or distribution of child
pornography.  Evidence files and device seizure report reduced to 2 DVDs and
sampled into LIMS as Item 38A.  Report forwarded to case agent for review.

Item # 38A :   One (1) sealed envelope containing: Portable DeviceAPPLE I-PHONE AND BLACK
COVER One (1) sealed envelope containing one DVD MediaOne labeled 08HL4909
Item 38 Final DVDs
2 DVDs containing analysis results for Item #38.

**(CPL 190.30(2) Certification)**

I, Glenford Rose, Computer Forensic Analyst III, hereby certify that I am a public servant in the employ of the
New York State Police.  I further certify this is the original of my report and contains the opinions and interpretations
of the examination I performed in the above referenced case.

False Statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the Penal
Law.

Glenford Rose
Computer Forensic Analyst III

Fabio R. Auffant, II
Technical Lieutenant

Computer Forensic Laboratory
Bureau of Criminal Investigation

Computer Crime Unit
Bureau of Criminal Investigation

HL