UNITED STATES  DISTRICT COURT

NORTHERN DISTRICT OF NEW YORK
****************************************************
UNITED STATES OF AMERICA,


  vs.                    5:08-CR-753

AMANDA D. JANSEN,

                   Defendant,
****************************************************

          Transcript of a Change of Plea Proceeding

held on October 23, 2009, before the

HONORABLE DAVID N. HURD, at the United States Federal

Courthouse, 10 Broad Street, Utica, New York, before

Nancy L. Freddoso, Registered Professional Reporter and

Notary Public in and for the State of New York.

         A P P E A R A N C E S

Government:     UNITED STATES ATTORNEY'S OFFICE
               ROOM 900, HANLEY FEDERAL BLDG.
               100 SOUTH CLINTON STREET
               SYRACUSE, NEW YORK  13261-7198
         BY:  LISA M. FLETCHER, AUSA

Defendant:     FEDERAL PUBLIC DEFENDER'S OFFICE
               4 CLINTON SQUARE
               SYRACUSE, NEW YORK 13202
         BY:  LISA A. PEEBLES, AFPD

            NANCY L. FREDDOSO, R.P.R.
      Official United States Court Reporter
        10 Broad Street, Room 316
          Utica, New York 13501
           (315) 793-8114

1   Change of Plea

2                          (WHEREUPON, the proceedings held on

3                          October 23, 2009, were commenced at

4                          10:45 a.m..)

5

6                          COURT CLERK:  United States of America

7   versus Amanda Jansen, criminal number 2008-CR-753.

8                          Counselors, your appearance for the record,

9   please.

10                         MS. FLETCHER:  Lisa Fletcher for the United

11  States.  Good morning Judge.

12                         THE COURT:  Good morning.

13                         MS. PEEBLES:  Lisa Peebles appearing on

14  behalf of Amanda Jansen.  Ms. Jansen is also present.  Good

15  morning, Your Honor.

16                         THE COURT:  Good morning.

17                         I understand that at this time the defendant

18  is prepared to enter a plea of guilty to Counts 1, 12, and

19  13 of the Second Superseding Indictment charging her in

20  Count 1 with conspiracy to transport children in interstate

21  commerce with intent to have them engage in sexual activity

22  in violation of 18 U.S.C. 2423(a) and in Counts 12 and 13,

23  to aid and abet another to cross state lines with intent to

24  engage in a sexual act with a child in violation of

25  18 U.S.C. 2241(c) and 18 U.S.C. 2.

26                         Is that correct, Ms. Peebles?

1   Change of Plea

2           MS. PEEBLES:  Yes, it is, Your Honor.

3           THE COURT:  Ms. Jansen, I now inform you

4   that if you enter a plea of not guilty or continue with

5   your plea of not guilty to the Second Superseding

6   Indictment and, in particular, with regards to Counts 1,

7   12, and 13, you would have the right to a speedy and public

8   trial by an impartial jury of twelve people.

9           At a trial, you would be presumed innocent

10  under the law, and the burden would be upon the government

11  to establish your guilt beyond a reasonable doubt to the

12  satisfaction of all twelve jurors.

13          At a trial, you would have the right to the

14  assistance of your lawyer, Ms. Peebles.  You would have a

15  right to confront, that is, to see and hear each and every

16  witness against you and to have your lawyer cross-examine

17  them.

18          At trial, you could remain silent or you

19  could testify in your own behalf, but you could not be

20  compelled to testify, and if you did not testify, your

21  silence could not be held against you in any way and no

22  inference of guilt could be drawn against you from a

23  failure to testify.

24          Finally, you have the right to use the

25  subpoena and other processes of the Court to compel

26  witnesses to attend the trial and to testify in your behalf

1   Change of Plea

2   and to secure documents to offer in your defense.

3           Now, if you enter a plea of guilty to these

4   three charges today, you are going to give up those rights.

5   There won't be a trial, but I will still have the same

6   power to sentence you as if you had been found guilty after

7   a trial on Counts 1, 12, and 13 of the Second Superseding

8   Indictment.

9           Ms. Jansen, is it your desire to waive and

10  give up the rights I have just explained to you?

11          THE DEFENDANT:  Yes, Your Honor.

12          THE COURT:  Do you understand that if you

13  plead guilty, you will be found guilty without a trial?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  Do you understand that the

16  crimes to which you are proposing to plead guilty are very,

17  very serious crimes?  They are federal felonies?

18          THE DEFENDANT:  Yes, Your Honor.

19          THE COURT:  Do you understand that if you

20  plead guilty, not only will you be found guilty of federal

21  felonies, but you may also be deprived of valuable civil

22  rights such as the right to vote, hold public office, serve

23  on a jury or possess any kind of a firearm?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  Let me now explain the procedure

26  here in open court if you do enter a plea of guilty.

1  Change of Plea

2          You will immediately be placed under oath by

3  the Clerk, and I will proceed to ask you a series of

4  questions so that I can be satisfied you are pleading

5  guilty freely and voluntarily; whether any promises of

6  leniency have been made to get you to plead guilty; whether

7  any threats or force have been used to get you to plead

8  guilty.

9          I am going to ask you if you are presently

10 under the influence of any drugs, pills or medicine which

11 would impair your ability to understand these proceedings,

12 the charges against you, and the consequences of pleading

13 guilty.

14         And finally, you are going to have to tell

15 me in your own words what you did so that I can be

16 satisfied that you are, in fact, guilty of the crimes

17 charged in Counts 1, 12, and 13, and that you are not just

18 pleading guilty for some other reason.

19         You will be under oath.  You must tell the

20 truth.  If you don't tell the truth, you could be in

21 further difficulty if the government brings more charges

22 against you for perjury or making a false statement.

23         I expect that you have fully discussed your

24 case with Ms. Peebles; that you have been advised of the

25 nature of the charges against you, your rights, the factual

26 basis of your plea, the consequences of pleading guilty,

1  Change of Plea

2  and any defense you may have to these charges.

3            At this time, Ms. Jansen, I warn you that

4  you should never plead guilty to these charges unless you

5  are, in fact, guilty of the charges set forth by me a

6  moment ago in Counts 1, 12, and 13.

7            Do you understand?

8            THE DEFENDANT:  Yes, Your Honor.

9            THE COURT:  Do you still want to plead

10  guilty to those charges?

11            THE DEFENDANT:  Yes, Your Honor.

12            THE COURT:  Mr. Minor, take the defendant's

13  plea and then place her under oath.

14            COURT CLERK:  Ms. Jansen, do you waive the

15  reading of Counts 1, 12, and 13 of the Second Superseding

16  Indictment, ma'am?

17            THE DEFENDANT:  Yes, sir.

18            COURT CLERK:  How do you plead to Counts 1,

19  12, and 13 of the Second Superseding Indictment, guilty or

20  not guilty?

21            THE DEFENDANT:  Guilty.

22            COURT CLERK:  Please raise your right hand.

23

24    AMANDA JANSEN, being first duly sworn, was examined

25  and testified as follows under oath:

26

1  Change of Plea

2            THE COURT:  State your full name.

3            THE DEFENDANT:  Amanda Dawn Jansen.

4            THE COURT:  How old are you?

5            THE DEFENDANT:  Twenty-seven.

6            THE COURT:  How far did you go in school?

7            THE DEFENDANT:  Some college.

8            THE COURT:  How long have you been in

9  custody?

10            THE DEFENDANT:  Thirteen months.

11            THE COURT:  Where did you live at the time

12  you went into custody?

13            THE DEFENDANT:  Watertown, New York.

14            THE COURT:  What was the address?

15            THE DEFENDANT:  I don't remember.

16            THE COURT:  With whom --

17            THE DEFENDANT:  435 Conklin (phonetically)

18  Drive.

19            THE COURT:  With whom did you live at that

20  time?

21            THE DEFENDANT:  My husband and my daughter.

22            THE COURT:  And your husband's name?

23            THE DEFENDANT:  Christopher Jansen.

24            THE COURT:  How old is your daughter at that

25  time?

26            THE DEFENDANT:  At that time, I believe

1  Change of Plea

2  eighteen months.

3           THE COURT:  How long have you been married

4  to Mr. Jansen?  When were you married to Mr. Jansen?  The

5  month or the year?

6           THE DEFENDANT:  July of 2008.

7           THE COURT:  July of 2008?

8           THE DEFENDANT:  I don't know, Your Honor,

9  because we were married twice.  The first time was in Texas

10 November 13, 2007, and the second time was in New York.

11           THE COURT:  Were you working at the time you

12 went into custody?

13           THE DEFENDANT:  Yes, Your Honor.

14           THE COURT:  Where were you employed?

15           THE DEFENDANT:  With the U.S. Army.

16           THE COURT:  How long have you been in the

17 U.S. Army?

18           THE DEFENDANT:  Two years.

19           THE COURT:  What was your rank in the Army?

20           THE DEFENDANT:  I was a Specialist.

21           THE COURT:  Where were you stationed, at

22 Fort Drum?

23           THE DEFENDANT:  Yes, Your Honor.

24           THE COURT:  At the time -- before you went

25 into custody, did you use narcotics?

26           THE DEFENDANT:  A couple of times, Your

1    Change of Plea

2    Honor.

3                    THE COURT:  Did you use alcohol at times?

4                    THE DEFENDANT:  Yes, Your Honor.

5                    THE COURT:  Have you consumed any pills,

6    drugs or medicine in the last twenty-four hours?

7                    THE DEFENDANT:  Yes, Your Honor.

8                    THE COURT:  What type of drugs are you

9    taking?

10                   THE DEFENDANT:  Antidepressants.

11                   THE COURT:  Did you take some medication

12   today?

13                   THE DEFENDANT:  Yes, Your Honor.

14                   THE COURT:  Does that medication have any

15   effect whatsoever on your ability to understand these

16   proceedings and what is going on here in court?

17                   THE DEFENDANT:  No, Your Honor.

18                   THE COURT:  Now, you are represented by

19   Attorney Lisa Peebles?

20                   THE DEFENDANT:  Yes, Your Honor.

21                   THE COURT:  And she was appointed by the

22   Court to assist you?

23                   THE DEFENDANT:  Yes, Your Honor.

24                   THE COURT:  Are you satisfied with her?

25                   THE DEFENDANT:  Yes, Your Honor.

26                   THE COURT:  Did she advise you of your

1 Change of Plea

2 rights?

3             THE DEFENDANT:  Yes.

4             THE COURT:  Did you hear and understand what

5 I told you a few moments ago about your rights?

6             THE DEFENDANT:  Yes.

7             THE COURT:  Have you read the Second

8 Superseding Indictment which contains the charges against

9 you in Counts 1, 12, and 13?

10             THE DEFENDANT:  Yes, Your Honor.

11             THE COURT:  And did you review those charges

12 with Ms. Peebles?

13             THE DEFENDANT:  Yes, Your Honor.

14             THE COURT:  Did she answer any questions you

15 may have had about the charges against you?

16             THE DEFENDANT:  Yes, sir.

17             THE COURT:  And you understand exactly what

18 you have been charged with here?

19             THE DEFENDANT:  Yes, sir.

20             THE COURT:  Now, has your lawyer, Assistant

21 United States Attorney, any government agent or anyone else

22 made any promises to you that you would be treated

23 leniently or any other kind of promise in order to get you

24 to plead guilty?

25             THE DEFENDANT:  No, Your Honor.

26             THE COURT:  Did anybody use any force or

1  Change of Plea

2  make any threats against you to get you to plead guilty?

3           THE DEFENDANT:  No, Your Honor.

4           THE COURT:  Are you presently on probation

5  or parole from any other court?

6           THE DEFENDANT:  No.

7           THE COURT:  What did you do during the

8  summer of 2008 that makes you guilty of these charges about

9  transporting children and engaging in sexual acts with

10 children?

11          THE DEFENDANT:  I agreed with my husband to

12 bring his children down to have sex with them and continued

13 to do so.

14          THE COURT:  Where were his -- where were

15 your husband's -- these are your husband's children from an

16 earlier marriage?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  His children and some of his

19 stepchildren?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  Where were they located in the

22 summer of 2008 before --

23          THE DEFENDANT:  Kentucky.

24          THE COURT:  What arrangements did you make

25 with your husband with regards to transporting the children

26 from Kentucky to New York State?

1   Change of Plea

2                   THE DEFENDANT:  He went down to go get them

3   for their summer visitation.

4                   THE COURT:  What was the purpose of bringing

5   them back to New York State?

6                   THE DEFENDANT:  It was their visitation.  We

7   had made -- what is the right word -- plans, I guess.

8                   THE COURT:  What type of plans did you make

9   with the children before he went to pick them up in

10  Kentucky?

11                  THE DEFENDANT:  To have sexual relations

12  with them.

13                  THE COURT:  Did he pick up the children in

14  Kentucky?

15                  THE DEFENDANT:  Yes, Your Honor.

16                  THE COURT:  Did he bring them to New York

17  State.

18                  THE DEFENDANT:  Yes, Your Honor.

19                  THE COURT:  Did he bring them up to your

20  home in Watertown?

21                  THE DEFENDANT:  Yes, Your Honor.

22                  THE COURT:  And what happened at the home in

23  Watertown, New York during the summer of 2008 with the

24  four -- these were four children, right?  There were four

25  children he brought?

26                  THE DEFENDANT:  Yes, Your Honor.

1  Change of Plea

2        THE COURT:  Two of his own and two

3  stepchildren?

4        THE DEFENDANT:  Yes.

5        THE COURT:  Did you have sex with any of

6  those children?

7        THE DEFENDANT:  Yes.

8        THE COURT:  Which ones without giving their

9  names?

10        THE DEFENDANT:  The eight and the five-year

11  old.

12        THE COURT:  Eight and five-year old boys?

13        THE DEFENDANT:  No, Your Honor.  Yes, Your

14  Honor.

15        THE COURT:  Did you have sex with the

16  eight-year old boy?

17        THE DEFENDANT:  Yes, Your Honor.

18        THE COURT:  You had sex with that boy?

19        THE DEFENDANT:  Yes, Your Honor.

20        THE COURT:  How many times?

21        THE DEFENDANT:  Just the once, Your Honor.

22        THE COURT:  What about the other three

23  children?

24        THE DEFENDANT:  With the others, I had sex

25  with my husband in front of them.  I don't remember if

26  there was anything else.  There was -- with the youngest

1  Change of Plea

2  girl, there was an incident as well between Chris and her

3  and me.

4             THE COURT:  Were any kind of drugs or

5  medications used on these children?

6             THE DEFENDANT:  Yes, Your Honor.

7             THE COURT:  What was that?

8             THE DEFENDANT:  Ambien.

9             THE COURT:  What was the purpose of giving

10  the children Ambien?

11             THE DEFENDANT:  It is a sleeping medication.

12             THE COURT:  So they would be asleep while

13  they were having sex with you or your husband?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  Did your husband have sex with

16  these children also?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  And Ms. Fletcher, the Assistant

19  United States Attorney, is going to recite what the

20  government would prove if your case went to trial.

21             You listen carefully because when she is

22  finished, I am going to ask you if what she said is true.

23  Do you understand?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  Ms. Fletcher.

26             MS. FLETCHER:  Thank you, Judge.  As to

1 Change of Plea

2 Count 1, the government would prove the following elements

3 of the offense:

4 First, that a conspiracy, agreement or

5 understanding between two or more persons was made to join

6 together to accomplish a unlawful purpose that is as

7 described in Count 1 of the Indictment.  That conspiracy

8 was formed, reached or entered into by the defendant and

9 Christopher Jansen.

10 At some time during the existence or the

11 life of the conspiracy, the defendant knew the purpose of

12 the agreement and deliberately joined the conspiracy.

13 And finally, that the conspiracy involved

14 the transportation of individuals who had not attained the

15 age of eighteen, to wit, a thirteen-year old female child,

16 an eight-year old male child, a five-year old female child,

17 and a three-year old male child, to transport those

18 children in interstate commerce with the intent that those

19 children engage in sexual activity for which any person can

20 be charged with a criminal offense in this case including,

21 but not limited to, sexual abuse, rape, and sodomy.

22 As to this third element of the offense,

23 Your Honor, the United States does not need to prove that

24 the only purpose or even a dominant purpose for

25 transporting the children in interstate commerce was to

26 engage in a sexual act with a minor.  It is enough if one

1   Change of Plea

2   of the motives was to engage in an unlawful sexual act as

3   defined by Title 18 U.S.C. 2246 with a minor.

4              As to Counts 10 and 11, we would prove the

5   following elements:

6              First, the defendant, Amanda Jansen, aided,

7   abetted, counseled, commanded, induced or procured

8   Christopher Jansen to cross state lines with the intent

9   that one or both of them were to engage in a sexual act

10  with a person who had not attained the age of twelve years.

11             And, second, that the defendant and

12  Christopher Jansen knowingly engaged in sexual acts with a

13  person who is under the age of twelve years.

14             The factual basis is as follows:

15             In September 2008, the New York State Police

16  Computer Crimes Unit, while investigating a cyber tip from

17  the National Center For Missing an Exploited Children

18  lawfully obtained numerous computers, hard drives and other

19  digital media upon consent from Christopher Jansen at the

20  Watertown, New York residence shared by Christopher and

21  Amanda Jansen who are husband and wife.

22             A forensic preview was conducted on some of

23  the electronic media turned over by Jansen.  That preview

24  revealed the existence of child pornography.  As a result,

25  the New York State Police obtained a search warrant

26  authorized by Honorable Eugene Renzi, Judge of the City of

1 Change of Plea

2 Watertown from the residence of Amanda and

3 Christopher Jansen.

4 During the execution of the search warrant,

5 additional electronic media and physical evidence was

6 lawfully seized and the Jansens were interviewed by law

7 enforcement.

8 Amanda Jansen was interviewed by New York

9 State Police Investigator Todd Grant. In addition to other

10 things, Amanda Jansen admitted that in June 2008, her

11 husband, Christopher Jansen, travelled to Kentucky to pick

12 up his thirteen-year old stepdaughter, his eight-year old

13 stepson, his five-year old daughter, and his three-year old

14 son. And in June 2008, transported the four children from

15 Kentucky to the Jansens' residence in Watertown, New York.

16 The government would prove that prior to the

17 June trip, Amanda and Christopher Jansen conspired with one

18 another to have sexual contact with the children after they

19 had been transported from Kentucky to New York.

20 Data lawfully extracted from a cell phone

21 subscribed to and used by Amanda Jansen included the

22 following text messages sent to Christopher Jansen by

23 Amanda Jansen.

24 And in my recitation here, Judge, the

25 children's names that did appear in the text messages, I

26 will refer to them by their ages.

1    Change of Plea

2                    A text message dated May 12, 2008, from

3    Amanda Jansen states in part:

4                    "I am thinking Rohypnol.  I really want to

5    see you with the eight-ear old male child.  I'd like to see

6    you get him to go down on you, then switch.  Then you take

7    him in the ass with my help so you do it right and it don't

8    hurt him."

9                    A text message dated May 13, 2008, states in

10   part:

11                   "I want to play with the five-year old

12   female child.  I want you to take her and the thirteen-year

13   old female child's Vcard.  I will watch and join in.  I

14   want to do E with the thirteen-year old by myself and you

15   join."

16                   "Then you will do as I say or direct.  I

17   will eat five-year old at least once a week while she is

18   with us and give her baths.  When I tell you to, you will

19   bathe her and finger.  I want to see you come in five-year

20   old female child.  You will come in the five-year old only

21   with a condom."

22                   In this text message, Your Honor, the Vcard

23   reference is used by the Jansens to mean virginity.  And

24   when she said I want to do E, that is a reference to

25   Ecstasy.

26                   As a part of the investigation, New York

1   Change of Plea

2   State Police Investigator Tom Guarasce went to Kentucky and

3   personally interviewed the mother of the four children.

4               She confirmed that Christopher Jansen is her

5   ex-husband and the father of the five-year old female and

6   the three-year old male child.  She also confirmed that in

7   June 2008, Christopher Jansen traveled to Kentucky, picked

8   up the four children and took them back to his residence in

9   New York.  She stated he had returned the children to her

10  in Kentucky in August of 2008.

11              We had would prove that from in or about

12  June 2008 through in or about August 2008, Christopher and

13  Amanda Jansen, acting together, sexually abused the

14  eight-year old male child, and that Amanda Jansen, aided

15  and abetted by Christopher Jansen, did engage in oral

16  sodomy, that being mouth-to-penis contact, and sexual

17  intercourse with the eight-year old.

18              Further, we would prove that from in or

19  about June 2008 through in or about August 2008,

20  Christopher and Amanda Jansen, acting together, also

21  sexually abused on more than one occasion the five-year old

22  female child, and that while they were both together with

23  the child, Christopher Jansen engaged in hand-to-vagina

24  contact and oral sodomy, that being mouth-to-vagina

25  contact, and sexual intercourse with the five-year old

26  female.  And that Amanda Jansen also engaged in

1  Change of Plea

2  hand-to-vagina contact and oral sodomy with the five-year

3  old female child.

4          Christopher and Amanda Jansen drugged both

5  children by putting ground Ambien in Kool-Aid that they

6  then made the children drink.  The drug was administered by

7  the Jansens in furtherance of the sexual abuse of the

8  minors.

9          In other text messages recovered in this

10  case, Your Honor, it appears that one of the reasons to use

11  the Ambien is so that the children wouldn't remember or be

12  able to disclose the sexual abuse.

13          All of this conduct took place in the

14  Northern District of New York after the children were

15  transported to New York from Kentucky by Christopher Jansen

16  using a vehicle owned and registered to Amanda Jansen.

17          THE COURT:  Ms. Jansen, is what Assistant

18  United States Attorney Fletcher just stated substantially

19  what you and your husband did during the summer of 2008?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  Is there anything that she said

22  that you disagree with?

23          THE DEFENDANT:  No, Your Honor.

24          THE COURT:  Ms. Peebles, is that also your

25  understanding as to what occurred in the summer of 2008?

26          MS. PEEBLES:  Yes, it is, your Honor.

1  Change of Plea

2          THE COURT:  Ms. Fletcher, what penalties is

3  the defendant facing as a result of the plea of guilty

4  today?

5          MS. FLETCHER:  As to Count 1, there is a

6  maximum term of imprisonment of life, and a mandatory

7  minimum term of imprisonment of ten years.

8          As to Counts 12 and 13, the maximum term of

9  imprisonment is life, and the mandatory minimum term of

10  imprisonment on each count is thirty years.

11          There is a fine of two hundred and fifty

12  thousand dollars or up to two hundred and fifty thousand

13  dollars on each count of conviction.

14          In addition, the Court must require the

15  defendant to serve a term of supervised release of any term

16  of years not less than five and up to life to begin at the

17  expiration of any term of imprisonment imposed upon her.

18          Should the defendant be placed on a term of

19  supervised release and subsequently violate any of the

20  terms and conditions of that release before the expiration

21  of such term, she may be sentenced to up five years

22  imprisonment in addition to any prison term previously

23  imposed and in addition to the statutory maximum term of

24  imprisonment.

25          Under some circumstances, the Court may

26  extend the term of supervised release and it may modify,

1    Change of Plea

2    reduce or enlarge the conditions of such release.

3                 As a result of this conviction, the

4    defendant will be an offender required to register under

5    the Sex Offender Registration and Notification Act.

6                 As such and while on supervised release, she

7    commits any criminal offense under Chapter 109(a), 110 or

8    117 or Section 1201 or 1591 for which imprisonment for a

9    term of longer than one year can be imposed, the Court must

10   revoke her term of supervised release and require that she

11   serve a term of imprisonment of not less than five years on

12   the violation.

13                There is a special assessment of three

14   hundred dollars.  As I said, the defendant, as a result of

15   her conviction, must register as a sex offender.  She must

16   keep her registration current in each jurisdiction where

17   she resides, where she is an employee and where she is a

18   student.

19                For initial registration purposes, the

20   defendant must register in New York as a result of this

21   conviction even if she resides in a different jurisdiction.

22                A sex offender who knowingly fails to

23   register or update the required registration may be subject

24   to prosecution under Title 18 U.S.C. 2250 and face a

25   penalty of up to ten years imprisonment.

26                     In addition, Your Honor, the defendant

1   Change of Plea

2   through this plea here today will forfeit to the United

3   States all of her right, title, and interest of any nature

4   in any and all assets that are subject to forfeiture as set

5   forth in the forfeiture allegation of the Indictment

6   pursuant to 18 U.S.C. 2428 and 2253.

7           These assets include, but are not limited

8   to, one tan homemade PC tower, one Western Digital hard

9   drive, one Maxtor hard drive, one HP Pavilion laptop, one

10  Sandisk Cruzer thumb drive, one Attache four gigabyte thumb

11  drive, one Samsung hard drive, one Cingular Sony cellular

12  telephone, one Compaq Presario computer, one tan Acer

13  computer, one Motorola V-3 cell phone, one Nikon Coolpix

14  camera, one white power adaptor, one Apple iPhone phone,

15  one thumb drive, one iPod Nano, one Motorola L7C camera

16  phone, one Olympus camedia digital camera, one DVD-R

17  exported from the homemade PC tower, one DVD with a case,

18  and sixty-seven CD-Rs.

19          THE COURT:  Just to be clear, Ms. Fletcher,

20  would the plea of guilty conviction of the three counts,

21  the maximum, of course, is life.  What is the mandatory

22  minimum?

23          MS. FLETCHER:  The mandatory minimum on

24  Count 1 is ten years.  The mandatory minimum on Counts 12

25  and 13 are thirty years.

26          THE COURT:  Okay.  Is there any requirement

1  Change of Plea

2  that the mandatory minimums be consecutive?

3              MS. FLETCHER:  No, Your Honor.  That's

4  discretionary with the Court.

5              THE COURT:  So the mandatory minimum for the

6  three counts would be thirty years?

7              MS. FLETCHER:  Yes.

8              THE COURT:  And the maximum would be life?

9              MS. FLETCHER:  Yes.

10             THE COURT:  Do you understand the penalties

11 you are facing as a result of pleading guilty today?

12             THE DEFENDANT:  Yes, Your Honor.

13             THE COURT:  If what the Assistant U.S.

14 Attorney just stated is correct, you are facing a thirty

15 year mandatory minimum which means that I would have no

16 choice but to give you at least thirty years.

17             I could give you more, up to life, but I

18 have to give you at least thirty years imprisonment at the

19 time you are sentenced.

20              Do you clearly understand that?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  Ms. Fletcher, is there any

23 guideline, does it have effect whatsoever on this

24 situation?

25             MS. FLETCHER:  Judge, it appears that the

26 guidelines range in this case will be life.

1   Change of Plea

2           THE COURT:  Have you discussed the

3   guidelines with your lawyer?

4           THE DEFENDANT:  Yes, Your Honor.

5           THE COURT:  Those guidelines are advisory,

6   and I must take them into consideration, together with all

7   of the other factors in determining what your final

8   sentence will be.

9           As stated, if that is a correct statement of

10  the penalties for these charges, it will be at least thirty

11  years.  It may be more.

12          In any event, the next step will be a

13  presentence report.  You must cooperate with the Probation

14  Officer in preparing that report.  You will have an

15  opportunity to challenge or object to any facts that are in

16  the report or to any recommendations by the Probation

17  Officer.

18          I also inform you that under the federal

19  system, parole has been abolished, and if you are sentenced

20  to prison which appears to be certain, you will not be

21  released on parole.

22          Now that you have been informed about the

23  maximum penalties you are facing, life, and the mandatory

24  minimum you are facing, thirty years, do you still want to

25  enter a plea of guilty to Counts 1, 12, and 13 of the

26  Second Superseding Indictment?

1 Change of Plea

2         THE DEFENDANT:  Yes, Your Honor.

3         THE COURT:  Are you pleading guilty because

4 you are guilty and for no other reason?

5         THE DEFENDANT:  Yes, Your Honor.

6         THE COURT:  Ms. Peebles, for the record,

7 would you state your background and experience briefly.

8         MS. PEEBLES:  I have been with the Office of

9 the Federal Public Defender over ten years now, and prior

10 to my employment with this office, I was in private

11 practice for a five-year period where, in that capacity, I

12 also represented many individuals charged in federal court

13 with various crimes.

14         THE COURT:  How much time have you spent on

15 this case?

16         MS. PEEBLES:  Over fifty hours, Your Honor.

17         THE COURT:  And have you advised the

18 defendant of her rights and the nature of the charges

19 against her and the consequences of pleading guilty to

20 Counts 1, 12, and 13 of the Second Superseding Indictment?

21         MS. PEEBLES:  Yes, I have.

22         THE COURT:  Have you had discovery of the

23 government's evidence, either formally or informally?

24         MS. PEEBLES:  Yes, I have, Your Honor.

25         THE COURT:  Have you made any promises or

26 threats to induce the defendant to plead guilty?

1  Change of Plea

2          MS. PEEBLES:  No, I have not.

3          THE COURT:  Are you satisfied she is

4  pleading guilty freely and voluntarily?

5          MS. PEEBLES:  Yes, Your Honor.

6          THE COURT:  Are you satisfied she

7  understands the nature of the charges against her in the

8  Second Superseding Indictment 1, 12, and 13?

9          MS. PEEBLES:  Yes, I am, Your Honor.

10          THE COURT:  Are you satisfied she

11  understands the consequences of pleading guilty to those

12  charges?

13          MS. PEEBLES:  Yes, Your Honor.

14          THE COURT:  Do you know of any defense she

15  may have to those charges?

16          MS. PEEBLES:  No, I do not.

17          THE COURT:  Do you know of any other reason

18  why she should not plead guilty?

19          MS. PEEBLES:  No, Your Honor.

20          THE COURT:  Based on the foregoing, I find

21  that the defendant's plea of guilty to Counts 1, 12, and 13

22  of the Second Superseding Indictment is voluntary.

23          I find the defendant is fully competent and

24  capable to enter a plea of guilty.

25          I find the defendant understands the charges

26  against her and the consequences of pleading guilty.

1 Change of Plea

2         And I find there is an independent basis in

3 fact for me to accept and enter the plea of guilty to

4 Counts 1, 12, and 13 of the Second Superseding Indictment.

5         Therefore, I direct that the Clerk enter a

6 plea of guilty to Counts 1, 12, and 13 of the Second

7 Superseding Indictment charging the defendant,

8 Amanda Jansen, in Count 1, with conspiracy to transport

9 children in interstate commerce with intent to have them

10 engage in sexual activity in violation of

11 18 U.S.C. 2423(a), and that the defendant, Amanda Jansen,

12 in Counts 12 and 13, did aid, abet another to cross state

13 lines with intent to engage in a sexual act with a child in

14 violation of 18 U.S.C. 2241(c) and 18 U.S.C. 2.

15         I direct the Probation Department to prepare

16 and submit a presentence report.

17         Sentencing is tentatively scheduled for

18 Friday, February 19, 2010, at 2:00 p.m. in Utica, New York.

19         The defendant is presently detained, I

20 understand?

21         MS. FLETCHER:  Yes, Your Honor.

22         THE COURT:  Anything further, counselors?

23         MS. FLETCHER:  Nothing further, Your Honor.

24         MS. PEEBLES:  No, Your Honor.

25         THE COURT:  Defendant is remanded to the

26 custody of the United States Marshal pending sentencing.

1   Change of Plea

2                   Mr. Minor.

3                   COURT CLERK:  Court stands for a brief

4   recess.

5

6                   (Whereupon, the proceedings held on

7                   October 23, 2009, were ended at 11:20 a.m..)

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

```
 1                    C E R T I F I C A T E

 2

 3          I, NANCY L. FREDDOSO, RPR, Official Court Reporter

 4    in and for the United States District Court, Northern

 5    District of New York, do hereby certify that I recorded

 6    stenographically the foregoing at the time and place

 7    mentioned; that I caused the same to be transcribed; and

 8    that the foregoing is a true and correct transcript thereof

 9    to the best of my knowledge, ability, and belief.

10

11          I further certify that I am not an attorney or

12    counsel of any parties, not a relative or employee of any

13    attorney or counsel connected with the action, nor

14    financially interested in the action.

15

16

17                    S/NANCY L. FREDDOSO, RPR

18                    Official United States Court Reporter

19

20

21    My Commission expires March 30, 2011

22

23

24

25

26
```